**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD.** | ) | |
| P.O. Box 2231 | ) | |
| Arlington, VA 22202 | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:09CV 1355** |
| | ) | **CMH/TCB** |
| **AIRTRONIC USA, INC.** | ) | |
| 116 N. Lively Boulevard | ) | |
| Elk Grove Village, IL 60007 | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER AND COUNTERCLAIM

Comes now the defendant, Airtronic USA, Inc. ("Airtronic"), by and through its

counsel, McCarthy, Sweeney & Harkaway, P.C., and in answer and counterclaim to the

Complaint, states the following:

### FIRST DEFENSE

The Complaint fails to state a claim upon relief can be granted.

### SECOND DEFENSE

1.      Defendant admits that the Complaint attempts to set forth the causes of ac-

tion as alleged in paragraph 1.

2.      Defendant is without sufficient information and without personal knowl-

edge sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.      Defendant admits the allegations contained in paragraph 3.

4.      Paragraph 4 is a jurisdictional paragraph which need not be answered by this Defendant,

5.      Paragraph 5 is a jurisdictional paragraph which need not be answered by this Defendant.

6.      Paragraph 6 is a venue paragraph which need not be answered by this Defendant.

7.      Paragraph 7 is a venue paragraph which need not be answered by this Defendant.

8.      Defendant is without sufficient information and without personal knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      Defendant admits the allegations contained in paragraph 9.

10.     Defendant admits the allegations contained in paragraph 10.

11.     Defendant admits the allegations contained in paragraph 11.

12.     Defendant admits the allegations contained in paragraph 12.

13.     Defendant admits the allegations contained in paragraph 13.

14.     Defendant admits the allegations contained in paragraph 14.

15.     Paragraph 15 states a conclusion of law to which no responsive pleading is required.

16.     Defendant admits the allegations contained in paragraph 16 to the extent that the quotation from the Licensing Agreement is accurate.

17.     Paragraph 17 states a conclusion of law to which no responsive pleading is required.

18.     Defendant admits the allegations contained in paragraph 18.

19.     Defendant admits the allegations contained in paragraph 19.

20.     Paragraph 20 states a conclusion of law to which no responsive pleading is required.

21.     Defendant admits the allegations contained in paragraph 21.

22.     Defendant admits the allegations contained in paragraph 22.

23.     Defendant admits the allegations contained in paragraph 23.

24.     Defendant admits the allegations contained in paragraph 24.

25.     Paragraph 25 states a conclusion of law to which no responsive pleading is required.

26.     Defendant denies the allegations contained in paragraph 26.

27.     Defendant admits the allegations contained in paragraph 27.

28.     Defendant denies the allegations contained in paragraph 28.  The Launchers provided to Airtronic were unregistered, in violation of Federal law as implemented by the regulations of the U.S. Bureau of Alcohol, Tobacco and Firearms.

29.     Defendant admits the allegations contained in paragraph 29.

30.     Defendant denies the allegations in paragraph 30.

31.     Defendant denies the allegations in paragraph 31.

32.     Defendant denies the allegations in paragraph 32.

33.     Defendant denies the allegations in paragraph 33.

34.     Defendant denies the allegations in paragraph 34.

35.     Defendant admits the allegations in paragraph 35.

36.     Defendant admits the receipt of a letter from Trident in paragraph 36.

37.     Defendant denies the allegations in paragraph 37.

38.     Defendant admits the allegations in paragraph 38.

39.     Defendant denies the allegations in paragraph 39.

40.     Defendant denies the allegations in paragraph 40.

41.     Defendant denies the allegations in paragraph 41.

42.     Defendant admits the allegations in paragraph 42.

43.     Defendant admits the allegations in paragraph 43.

44.     Defendant denies the allegations in paragraph 44.

45.     Defendant denies the allegations in paragraph 45.

46.     Defendant reasserts and realleges each of the answers and defenses as set forth in responses to paragraphs one through forty-five of the Complaint as if set forth in full herein.

47.     Defendant denies the allegations in paragraph 47.

48.     Defendant denies the allegations in paragraph 48.

49.     Defendant denies the allegations in paragraph 49.

50.     Defendant reasserts and realleges each of the answers and defenses as set forth in responses to paragraphs one through forty-nine of the Complaint as if set forth in full herein.

51.     Defendant denies the allegations in paragraph 51.

52.     Defendant denies the allegations in paragraph 52.

53.     Defendant denies the allegations in paragraph 53.

54.     Defendant reasserts and realleges each of the answers and defenses as set forth in responses to paragraphs one through fifty-three of the Complaint as if set forth in full herein.

55.    Defendant is without sufficient information and without personal knowledge sufficient to form a belief as to the allegations in paragraph 55.

56.    Defendant denies the allegations in paragraph 56.

57.    Defendant denies the allegations in paragraph 57.

58.    Defendant denies the allegations in paragraph 58.

## PRAYER FOR RELIEF

Defendant denies that the Prayer For Relief should be granted.

## THIRD DEFENSE

The Complaint is barred by the defense of legal justification.

## FOURTH DEFENSE

The Complaint is barred by Plaintiff's own breach of contract.

## FIFTH DEFENSE

The Complaint is barred by Plaintiff's fraudulent conduct.

## SIXTH DEFENSE

The Complaint is barred by Plaintiff's failure to obtain the requisite licenses.

## SEVENTH DEFENSE

Defendant asserts the defense of unclean hands.

## EIGHTH DEFENSE

Defendant asserts the defense of waiver.

## COUNTERCLAIM

Airtronic U.S.A. Inc. (hereinafter "Airtronic"), through undersigned counsel, respectfully states as follows for its Counterclaim against Trident Enterprises, Ltd. (hereinafter "Trident").

1.   Airtronic brings this Counterclaim to remedy various breaches by Trident to the Licensing Agreement between the parties and to recover damages for such breaches and for the fraudulent conduct by Trident.

## JURISDICTION, VENUE AND PARTIES

2.   This counterclaim sets forth causes of action for breach of contract, fraud, and any other legal or equitable relief this Court deems appropriate.

3.   This court has jurisdiction pursuant to 28 U.S.C. Sec. 1332 in that Airtronic and Trident are diverse and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

4.   This Court has jurisdiction over Trident because Trident conducts business in the Commonwealth of Virginia. Va. Code Ann. Secs. 8.01-328.1(A)(1). Alternatively, this Court has jurisdiction over Trident because its actions caused tortious injury in the Commonwealth. Va. Code. Ann. Secs. 8.01-328(A)(4).

5.   Venue is proper in this Court because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

6.   Trident expressly consented to venue in Virginia in paragraph 28 of the Licensing Agreement.

7.   Counter-Plaintiff Airtronic is an Illinois corporation with its principal place of business in Elk Grove Village, Illinois.

6

8.   Counter-Defendant Trident, according to Plaintiff's Complaint, is a North Carolina business corporation.

## FACTS

9.   Pursuant to negotiations between the parties, Airtronic expressed an interest in licensing Trident's Intellectual Property and manufacturing a four shot 40mm pump action grenade launcher (the "Launcher").

10.   Thereafter, on June 21, 2007, the parties signed the Licensing Agreement, attached as Exhibit 1 to Trident's Complaint in this action. The Agreement permitted Airtronic the right to use Trident's Intellectual Property.

11.   The Licensing Agreement (Section 4) required that Trident deliver five categories of property pertaining to the Launcher to Airtronic.  In breach of the Licensing Agreement, Trident failed to comply with all five of the required deliverables.

12.   The Licensing Agreement (Section 4(i) required that Trident deliver "one working prototype" of the Launcher.  The prototype of the Launcher delivered by Trident did not work.  For example, inter alia, the Launcher's parts did not fit together, ammunition would not work properly, and the Launcher could not be charged.

13.   The Licensing Agreement (Section 4(ii) required that Trident deliver "two sets of parts".  Trident delivered two additional Launchers, disassembled into parts.  The parts delivered by Trident were defective and did not fit together.  The total of "three" Launchers delivered by Trident each differed in dimension from the other two.

14. The Licensing Agreement (Section 4(iii) required that Trident deliver "drawings sufficient to enable one typically knowledgeable in the art to make the parts and assemble the device".  No drawings were delivered by Trident.

15. The Licensing Agreement (Section 4(iv) required that Trident deliver a "Technical Data Package (TDP) performing to ANSI Y14.5:2001".  Trident did not deliver a TDP.

16. The Licensing Agreement (Section 4(v) required that Trident deliver a "TDP is [sic] native electronic format and STEP and IGES"  STEP ("Standard for the Exchange of Product Model Data" (ISO 10303)) and IGES ("Initial Graphic Exchange Specification") are standard formats for the exchange of product manufacturing information in Computer Aided Design (CAD) systems.  Although Trident did not deliver a TDP, Trident did deliver a CAD model of the Launcher.  The CAD model delivered by Trident did not work.  The Launcher dimensions in the CAD model did not match the dimensions of the other delivered Launchers.

17. Furthermore, Trident was required by law to register with the U.S. Bureau of Alcohol, Tobacco, and Firearms ("BATF") and hold a weapons license under BATF regulations with respect to any and all Launchers delivered to Airtronic.  The failure to comply with the legal requirement to obtain the appropriate and required Government licenses rendered the contract void.

18. Upon information and belief, Trident was aware of the defects in the working order of its property and did not disclose such information to Airtronic.

19. At all times, Trident acted with willful malice or such recklessness or negligence as to consciously disregard the rights of Airtronic.

20.   On November 19, 2009, counsel for Trident from Schlesinger, Arkwright & Garvey, LLP threatened Airtronic with potential criminal prosecution for its actions related to the contract between the parties. This threatening letter, attached as Exhibit 4 to the Complaint, was sent to Airtronic prior to this lawsuit being filed.

## COUNT I

## BREACH OF CONTRACT

21.   Airtronic incorporates by reference paragraphs one through fifteen above.

22.   Airtronic and Trident entered into a valid and enforceable contract on June 21, 2007.

23.   Trident breached this agreement when it failed to, among other things, obtain the appropriate licenses and deliver a working prototype and drawings and a compliant TDP.

24.   Trident's breach of contract has caused and will continue to cause damage to Airtronic.

## COUNT II

## FRAUD

25.   Airtronic incorporates by reference paragraphs one through nineteen above.

26.   Trident made false representations of material facts related to the agreement between the parties. Specifically, Trident represented that its product worked properly and that it had met the appropriate licensing requirements.  In addition, during the pendency of the License Agreement, Trident attempted to license to MILKOR, a third

party, the very same license rights it had exclusively granted to Airtronic under the License Agreement.

27.     Trident either knew the representations were false or made the representations recklessly without knowing it was true.

28.     Trident made these representations with the intent to deceive Airtronic.

29.     Airtronic relied on these fraudulent representations and was damaged as a result.

## PRAYER FOR DAMAGES

WHEREFORE, Counter-Plaintiff Airtronic respectfully prays that this Court:

a.  Enter judgment against Trident for all damages of at least $1 million dollars and/or relief to which Airtronic is entitled as a matter of law.

b.  Award actual damages, compensatory damages, and punitive damages, in an amount to be proven at trial;

c.  Award attorneys' fees and costs; and

d.  Grant such other relief deemed just and proper by this Court.

## JURY DEMAND

Jury Trial is hereby demanded, pursuant to Rule 38(b) of the Federal Rules of

Civil Procedure, on all issues so triable as a matter of law.

Respectfully submitted,


_____/s/_____
Gabriel D. Soll (VSB No. 66734)
Jeffrey S. Jacobovitz (pro hac application pending)
Garry S. Grossman (pro hac application pending)
Attorneys for Airtronic USA, Inc.
McCarthy, Sweeney & Harkaway, PC
1825 K Street, N.W.
Suite 700
Washington, D.C. 20006
(202)775-5560 (tel)
(202) 775-5574 (fax)
gsoll@mshpc.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January, 2010a copy of the foregoing Answer and Counterclaim was served via email and first class mail on:

Chris Wynn, Esq. (cwynn@ssd.com)
Alan Briggs, Esq. (abriggs@ssd.com)
Squire, Sanders & Dempsey, L.L.P.
1201 Pennsylvania Ave., N.W.
Suite 500
Washington, D.C. 20004


_____/s/_____
Gabriel D. Soll, Esq.


11