**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.  1:09-cv-1355** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**TRIDENT'S ANSWER TO AIRTRONIC'S COUNTERCLAIMS**

Plaintiff and Counterdefendant Trident Enterprises, Ltd. ("Trident") answers and

provides its affirmative defenses to the allegations of Counterclaims I through II pled in

Paragraphs 1-29 of the "Answer and Counterclaim" of Defendant and Counterplaintiff Airtronic

USA, Inc. ("Airtronic"), as follows:

**Counterclaim**

1.   The summary in Paragraph 1 amounts to legal conclusions to which a response is

not required. To the extent that an answer is required, Trident denies the allegations in

Paragraph 1.

2.   Paragraph 2 amounts to legal conclusions to which a response is not required.

3.   Trident admits that the Court has subject matter jurisdiction of this lawsuit.

4.   Trident admits that this Court has jurisdiction over it.  Trident denies the remaining

allegations in paragraph 4.

5.   Trident admits that venue is appropriate in this Court.

6.   Trident admits to the allegations contained in Paragraph 6.

7.   Admitted.

8.   Admitted.

9.   Admitted.

10. Admitted.

11. Trident avers that the Licensing Agreement speaks for itself and denies the remaining allegations contained in paragraph 11.

12. Trident avers that the Licensing Agreement speaks for itself and denies the remaining allegations contained in paragraph 12.

13. Trident avers that the Licensing Agreement speaks for itself.  Trident denies the remaining allegations contained in paragraph 13.

14. Trident avers that the Licensing Agreement speaks for itself and denies the remaining allegations contained in paragraph 14.

15. Trident avers that the Licensing Agreement speaks for itself and denies the remaining allegations contained in paragraph 15.

16. Trident avers that the Licensing Agreement speaks for itself.  Trident is without sufficient information to admit or deny Airtronic's explanation of STEP and IGES.  Trident admits that it delivered a CAD model of the Launcher and denies the remaining allegations contained in paragraph 16.

17. Denied.

18. Denied.

19. Denied.

20. Trident admits that its counsel, Shlesinger, Arkwright & Garvey, LLP, sent a letter to Airtronic dated November 19, 2009, attached as Exhibit 4 to the Complaint.  Trident denies the remaining allegations contained in paragraph 20.

## COUNT I
## Breach of Contract

21. Trident restates its responses to paragraphs 1-20 above and as if fully incorporated herein.

22. Admitted.

23. Denied.

24. Denied.

## COUNT II
## Fraud

25. Trident restates its responses to paragraphs 1-24 above and as if fully incorporated herein.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. If and to the full extent there are any allegations, averments or assertions contained in the Counterclaims, including without limitation in the prayer for relief therein, to which Counterdefendant has not heretofore responded, then Counterdefendant hereby states and avers that it is without knowledge or information sufficient to form a good faith belief as to the truth or falsity of same and, on that basis denies same.  Without limitation of the immediately preceding sentence, Counterdefendant asserts and avers that Counterplaintiff is entitled to none of the remedies or relief it asserts in its Counterclaims.

## TRIDENT'S AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

31. Trident restates its responses to paragraphs 1-30 above and as if fully incorporated herein.

32. Airtronic's fraud claim is barred for failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (WAIVER)

33. Trident restates its responses to paragraphs 1-32 above and as if fully incorporated herein.

34. Airtronic has knowingly and voluntarily waived and relinquished and discharged each right and all rights on which it has based, or might base, its claims for relief asserted in its Counterclaims or otherwise, and all such claims are thus barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE
### (ESTOPPEL)

35. Trident restates its responses to paragraphs 1-34 above and as if fully incorporated herein.

36. Airtronic's claims are barred by estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

37. Trident restates its responses to paragraphs 1-36 above and as if fully incorporated herein.

38. To the extent that Airtronic suffered any injury, loss, or damage, if any, Airtronic's claims are barred, in whole or in part, by its failure to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE
### (GOOD FAITH AND FAIR DEALING)

39. Trident restates its responses to paragraphs 1-38 above and as if fully incorporated herein.

40. Airtronic has breached the contractual covenant of good faith and fair dealing in connection with the Licensing Agreement.  By virtue of this breach, Airtronic's claims for relief are barred.

### SIXTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

41. Trident restates its responses to paragraphs 1-40 above and as if fully incorporated herein.

42. Airtronic's claims are barred, in whole or in part, because Airtronic has unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE
### (ECONOMIC LOSS DOCTRINE)

43. Trident restates its responses to paragraphs 1-42 above and as if fully incorporated herein.

44. Airtronic's fraud claim is barred by the economic loss doctrine.

Respectfully submitted,

By: _____/s/_____ _____
       Chris M. Wynn (VSB No. 75591)
       SQUIRE, SANDERS & DEMPSEY L.L.P
       1201 Pennsylvania Avenue, N.W.
       Suite 500
       Washington, D.C. 20004
       Phone:  202.626.6600
       Fax:  202.626.6780
       cwynn@ssd.com

       Alan L. Briggs (VSB No. 38667)
       SQUIRE, SANDERS & DEMPSEY L.L.P
       1201 Pennsylvania Avenue, N.W.
       Suite 500
       Washington, D.C. 20004
       Phone:  202.626.6600
       Fax:  202.626.6780
       abriggs@ssd.com

       Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2010, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Gabriel D. Soll
Attorney for Defendant
MCCARTHY, SWEENEY & HARKAWAY, PC
1825 K Street, N.W.
Suite 700
Washington, D.C. 20006
Phone:  202.775.5560
Fax:  202.775.5574
gsoll@mshpc.com

And I hereby certify that I will mail the document by U.S. mail to the following non-filing user:

Jeffrey S. Jacobovitz
Attorney for Defendant
MCCARTHY, SWEENEY & HARKAWAY, PC
1825 K Street, N.W.
Suite 700
Washington, D.C. 20006
Phone:  202.775.5560
Fax:  202.775.5574
jjacobovitz@mshpc.com

/s/ _____
Chris M. Wynn (VA Bar No. 75591)
Attorney for Plaintiff
SQUIRE, SANDERS & DEMPSEY L.L.P
1201 Pennsylvania Avenue, N.W., Suite 500
Washington, D.C. 20004
Phone:  202.626.6600
Fax:  202.626.6780
cwynn@ssd.com