## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

## PLAINTIFF TRIDENT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS
## MOTION IN LIMINE NO. 1

The Court should not allow Defendant Airtronic to introduce prejudicial and irrelevant evidence regarding the criminal complaint filed by Samuel Hillenburg.  On November 18, 2009, Hillenburg reported to the Arlington County Police that he had received a shipment from Airtronic containing two prototypes cut up into numerous pieces.  (attached as Exhibit A.) Plaintiff Trident and Counter-Defendants anticipate that Defendant Airtronic will attempt to reference and introduce evidence of the criminal complaint.  Airtronic has already directed the Court's attention to the criminal complaint.  (Opp'n to Pl.'s Mot. to Compel Produc. 5, "Trident filed a criminal complaint with the Commonwealth in an attempt to have Robert Walter, President of Airtronic prosecuted.";  July 2, 2010 Hr'g Tr. 12-13, "They thought having a criminal case going forward would enable them to gain leverage in the civil case.") Airtronic would like to use the criminal complaint as a means to allege that Trident has a habit of conducting litigation "in a harassing or unduly burdensome manner" (Opp'n to Pl.'s Mot. to

Compel. Produc. 5.), and to suggest that Trident's civil case is meritless.  The criminal complaint is irrelevant, and the purpose behind introducing it would be solely to distract the jury; it should therefore be excluded.  *See Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 748, 762 (W.D. Va. 2004) ("Evidence of collateral facts, from which no fair inferences can be drawn tending to throw light upon the particular facts under investigation, is properly excluded for the reason that such evidence tends to draw the minds of the jury away from the point in issue, to excite and mislead them.") (citing *Spurlin, Adm'x v. Richardson*, 128 S.E.2d 273, 278 (Va. 1962)).

## ARGUMENT

**I.      The criminal complaint is irrelevant to the civil case before this Court.**

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Fed. R. Evid. 401.  Plaintiff Trident is alleging breach of contract and conversion.  Defendant Airtronic has filed a counterclaim alleging breach of contract and fraud. The criminal complaint has no probative value relative to these claims.  The disposition of the criminal complaint-- or the fact that it was filed at all--  has no bearing on whether a contract was breached, whether property was converted, or whether material facts related to the agreement between the parties were misrepresented.  As the complaint is not relevant, Airtronic and its counsel should be prohibited from referencing the complaint or introducing it into evidence.

**II.     Any references to the criminal complaint would be unfairly prejudicial and confusing.**

Separate and apart from the fact that the information is not relevant, Defendant Airtronic and its counsel should be prohibited from mentioning the criminal complaint as such information would be unfairly prejudicial and would also confuse the issues.  Evidence may be excluded if its

probative value is substantially outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403.

It may also be excluded if it would confuse the issues or mislead the jury.  *Id*.  Allowing

Airtronic to discuss the criminal complaint would force Trident to call witnesses for an ancillary

issue and would distract the jury from considering the pertinent matters at issue.  Airtronic would

like to interpret the fact that the case was declined for prosecution as an indication that (1) the

case was without merit (and that therefore this civil case is without merit), and (2) the criminal

complaint was filed solely as a means of harassing Airtronic. (See July 2, 2010 Hr'g Tr. 12-13,

where counsel for Airtronic, after referencing an e-mail sent by Counter-Defendant Mendenhall,

alleged that Trident "thought having a criminal case going forward would enable them to gain

leverage in the civil case.")  However, the truth is that the case was actually declined for

prosecution because (1) the venue of the property destruction was in Illinois, and (2) the

Commonwealth recognized that Trident had already filed this civil complaint.  (See Ex. A.)

Airtronic's likely argument that the criminal complaint was dismissed as meritless is extremely

prejudicial, and Trident would need to contradict Airtronic's assertions with evidence and

witnesses that are unrelated to the claims in this case.  Should the jury learn of the criminal

complaint, there is the danger that they will make a decision on the basis of a factor unrelated to

the issues properly before it.  *See, e.g., United States v. Simpson*, 910 F.2d 154, 158 (4th Cir.

1990).

        If the criminal complaint is used as evidence then additional time and witnesses will be

needed.  The issues at hand (breach of contract, conversion, and Airtronic's allegation of fraud)

will be confused.  The jury may be left with an unduly unfavorable impression of Trident and the

individual Counter-Defendants.  Such prejudice would be unfair and would substantially

outweigh any relevancy.

## CONCLUSION

For the foregoing reasons, Plaintiff Trident respectfully requests that the Court preclude Defendant Airtronic and its attorneys from referring to, eliciting testimony about, arguing about, commenting on, or describing the criminal complaint that was filed by Samuel Hillenburg with the Arlington County Police Department.

Date submitted: August 20, 2010                Respectfully submitted,

/s/ Rebecca A. Worthington
Alan L. Briggs, (VSB No. 38667)
Rebecca A. Worthington (VSB No. 79232)
SQUIRE, SANDERS & DEMPSEY L.L.P.
1201 Pennsylvania Avenue, NW, Suite 500
Washington, DC 20004
Phone:  (202) 626-6600
Facsimile: (202) 626-6780
Counsel for Trident Enterprises, Ltd.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of August 2010, a copy of the foregoing Memorandum in Support of the Motion in Limine was filed electronically through the Court's CM/ECF system, which notifies those noted below of its service.  A courtesy copy has also been sent via courier to:

Gabriel D. Soll
Jeffrey S. Jacobovitz
Attorneys for Defendant
MCCARTHY, SWEENEY & HARKAWAY, PC
1825 K Street, N.W.
Suite 700
Washington, D.C. 20006
Attorneys for Defendant Airtronic USA, Inc.

_____
                              /s/
Rebecca A. Worthington