**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

**PLAINTIFF TRIDENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS**
**MOTION IN LIMINE NO. 2**

Any reference to "Ramsey Bear" is irrelevant to the issues in the case before this Court,

and, even if Ramsey Bear were relevant, the prejudicial nature of the evidence would

substantially outweigh its probative value.

**ARGUMENT**

**I.      Brief Factual Background**

"Ramsey Bear" is a teddy bear belonging to the daughter of Mr. Monty Mendenhall, one

of the Counter-Defendants, and an officer of Trident.  (June 3, 2010 Mendenhall Dep. Tr. 46,

attached as Exhibit A.)   In the course of Mr. Mendenhall's deposition, it was revealed that

Mendenhall had made up a random Social Security number for this bear, opened a joint checking

account with the bear, and also obtained a Visa credit card for it.  (*Id*. at 71-76.) The bank was

aware that Ramsey Bear was a teddy bear, and "got a laugh out of it."  (*Id*. at 74.)  Ramsey Bear

started as an inside joke that Mr. Mendenhall shared with one of his daughters (*Id*. at 75),  and

was later used as a means of giving gifts to his children and grandchildren.  (*Id*. at 72-73.)  Mr. Mendenhall paid all of Ramsey Bear's "bills." (*Id*. at 76.)  Ramsey Bear's account expired around ten years ago. (*Id*. at 75.)  Clearly, "Ramsey Bear" was just a harmless way for Mr. Mendenhall to give gifts to his children and grandchildren in a creative fashion.  It is completely unrelated to any of the issues of this case, and if introduced would distract and unfairly prejudice the jury against Mr. Mendenhall and Trident.

**II.      Any Reference to Ramsey Bear Would Be Both Irrelevant And Prejudicial.**

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.  Defendant Airtronic presumably thinks that Ramsey Bear is relevant because Mr. Mendenhall assigned the bear a random Social Security number and used that number (along with his own) to open a joint checking account, and that supposedly makes him some sort of nefarious character.  But Ramsey Bear is irrelevant in the present case: Mr. Mendenhall defrauded no one and used Ramsey Bear solely as a means of indulging his family.  Ramsey Bear's existence in no way has any tendency to make the existence of any fact that is of consequence to the determination of the claims in the case more or less probable. All it will do is unnecessarily confuse and mislead the jury.

Evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, or if it would confuse the issues.  Fed. R. Evid. 403.  Prejudicial information is excluded when there is a "genuine risk that the emotions of the jury will be excited to irrational behavior" and that risk is disproportionate to the probative value of the evidence.  *Westfield Ins. Co. v. Harris*, 134 F.3d 608, 615 (4th Cir. 1998) (internal citations omitted).  Any discussion about Ramsey Bear is likely to confuse the jury.  Since it was a highly

unusual-- and memorable-- way to give gifts to one's grandchildren or children, there is certainly

a risk that the emotions of the jury will be excited and they will give more weight to Ramsey

Bear than it deserves. Depending on how Airtronic's counsel characterizes Ramsey Bear, it

would unfairly prejudice Mr. Mendenhall because at best, Ramsey Bear will make Mendenhall

look like an odd grandfather, and at worst, someone who used a made-up Social Security number

to open a bank account.  Airtronic has already referenced the existence of Ramsey Bear to the

Court, noting that Mendenhall "obtained a credit card and a checking account using a made up

Social Security number for a teddy bear."  (Opp'n to Pl.'s Mot. to Compel Produc. 5, n. 1.)

Airtronic later referred to Ramsey Bear in an attempt to discredit Mr. Mendenhall's credibility,

arguing that Mr. Mendenhall's sworn declaration "should be discounted based on his deposition

testimony where he noted that he opened a bank account an a Visa account based on the name of

a "teddy bear" using a false social security number that he made up." (Opp'n to Counter-Defs.'

Mot. to Dismiss 11.)  Any introduction of Ramsey Bear would be a waste of time as part of the

trial would then have to be devoted to something that at the end of the day is nothing more than a

silly, innocent way for a man to give gifts to his family.

### CONCLUSION

For the foregoing reasons, Plaintiff Trident respectfully requests that the Court preclude

Defendant Airtronic and its attorneys from referring to, eliciting testimony about, arguing about,

commenting on, or describing "Ramsey Bear."

Date submitted: August 20, 2010                    Respectfully submitted,

                                                   /s/ Rebecca A. Worthington
                                                   Alan L. Briggs, (VSB No. 38667)

Rebecca A. Worthington (VSB No. 79232)
SQUIRE, SANDERS & DEMPSEY L.L.P.
1201 Pennsylvania Avenue, NW, Suite 500
Washington, DC 20004
Phone:  (202) 626-6600
Facsimile: (202) 626-6780
Counsel for Trident Enterprises, Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August 2010, a copy of the foregoing Memorandum in Support of the Motion in Limine was filed electronically through the Court's CM/ECF system, which notifies those noted below of its service.  A courtesy copy has also been sent via courier to:

> Gabriel D. Soll
> Jeffrey S. Jacobovitz
> Attorneys for Defendant
> MCCARTHY, SWEENEY & HARKAWAY, PC
> 1825 K Street, N.W.
> Suite 700
> Washington, D.C. 20006
> Attorneys for Defendant Airtronic USA, Inc.

                                            /s/
                                    Rebecca A. Worthington