**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **Counter-Defendant;** ) | |
| ) | Civil Action No.  1:09-cv-1355 |
| v. ) | CMH/TCB |
| ) | |
| **AIRTRONIC USA, INC.** ) | |
| ) | |
| **Defendant,** ) | |
| **Counter-Plaintiff.** ) | |

**PLAINTIFF TRIDENT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS
<u>MOTION IN LIMINE NO. 3</u>**

Any reference to the litigation pending between Monty Mendenhall and Dan Shea is irrelevant to the issues in the case before this Court, and, even if it were relevant, the prejudicial nature of the evidence would substantially outweigh its probative value.

<u>**ARGUMENT**</u>

**I.     Brief Factual Background**

Mr. Monty Mendenhall is one of the individual Counter-Defendants and an officer of Trident.  He is currently party to a separate lawsuit with a Mr. Dan Shea.  (June 3, 2010 Mendenhall Dep. Tr. 10-11, attached as Exhibit A.) That lawsuit is wholly unrelated to the one before this Court.  The lawsuit between Mendenhall and Shea involves a magazine of which Mendenhall owns a minority interest. (*Id*.) The magazine's operating agreement allows either Mendenhall or his accountant to examine the magazine's books during business hours; Mendenhall commenced a suit against Shea after Shea failed to allow Mendenhall's accountant

examine the books. (*Id*. at 11.) During his deposition, Mendenhall was asked whether, in the context of the Shea litigation, he had every had discussions about how to wipe a hard drive. (*Id*. at 47-48.) Mendenhall said that he had, but that he never attempted to do it. (*Id*.) That has no bearing on this case, as Mendenhall has stated that in the case before this Court he has produced all his e-mails. (*Id*. at 48.) Defendant Airtronic has never expressed any concern that Mendenhall or Trident has been less than forthright in its document production.

## II.    Any Reference to The Separate, Unrelated Lawsuit Would Be Both Irrelevant And Prejudicial.

Evidence of the dispute and claims between Mendenhall and Shea, a non-party to this action, is not relevant under Rule 401 of the Federal Rules of Evidence. No aspect of the litigation with Shea relates to or touches upon the questions the jury must address. Neither the history nor circumstances of the dispute with Shea, nor the nature of the claims, has any bearing on or relevance to the issues in this case. To be relevant, evidence "must in some degree advance the inquiry." *Jones v. Ford Motor Co.*, 320 F. Supp. 2d 440, 447 (E.D. Va. 2004) (internal citations omitted). The claims in the case before this Court are for breach of contract, conversion, and fraud. Mr. Mendenhall's involvement in unrelated litigation will in no way advance the inquiries of whether the contract between the parties was breached, whether Airtronic unlawfully converted Trident's property, or whether material facts related to the agreement between the parties were misrepresented.

Independent of the fact that the litigation between Mendenhall and Shea is irrelevant, any probative value of such evidence would be substantially outweighed by the danger of unfair prejudice to Mr. Mendenhall and Trident. *See* Fed. R. Evid. 403. Airtronic has already mentioned to the Court that Mr. Mendenhall discussed wiping a hard drive. (Opp'n to Pl.'s Mot. to Compel Produc. 5, n. 1.) Defendant Airtronic will likely reference again the fact that

Mendenhall once discussed wiping a hard drive (even though no wiping occurred), and no doubt would like to paint Mr. Mendenhall as a litigious personality, therefore suggesting to the jury that the case before them has no merit.  Such a suggestion would improperly prejudice the jury or cause the jury to scrutinize Mr. Mendenhall for reasons unrelated to the dispute before them.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Trident respectfully requests that the Court preclude Defendant Airtronic and its attorneys from referring to, eliciting testimony about, arguing about, commenting on, or describing the litigation pending between Monty Mendenhall and Dan Shea.


Date submitted: August 20, 2010                Respectfully submitted,

/s/ Rebecca A. Worthington
Alan L. Briggs, (VSB No. 38667)
Rebecca A. Worthington (VSB No. 79232)
SQUIRE, SANDERS & DEMPSEY L.L.P.
1201 Pennsylvania Avenue, NW, Suite 500
Washington, DC 20004
Phone:  (202) 626-6600
Facsimile: (202) 626-6780
Counsel for Trident Enterprises, Ltd.

## CERTIFICATE OF SERVICE

     I hereby certify that on this 20th day of August 2010, a copy of the foregoing Memorandum in Support of the Motion in Limine was filed electronically through the Court's CM/ECF system, which notifies those noted below of its service. A courtesy copy has also been sent via courier to:

    Gabriel D. Soll
    Jeffrey S. Jacobovitz
    Attorneys for Defendant
    MCCARTHY, SWEENEY & HARKAWAY, PC
    1825 K Street, N.W.
    Suite 700
    Washington, D.C. 20006
    Attorneys for Defendant Airtronic USA, Inc.

                                                                 /s/
                                                    Rebecca A. Worthington