UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | Civil Action No.  1:09-cv-1355 |
| v. | ) | CMH/TCB |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

**PLAINTIFF TRIDENT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS
<u>MOTION IN LIMINE NO. 4</u>**

Any reference to the fact that Counter-Defendant Hillenburg called Counter-Defendant a "litigious curmudgeon" is irrelevant to the issues in the case before this Court, and, even if the reference were relevant, the prejudicial nature of the evidence would substantially outweigh its probative value.

<u>**ARGUMENT**</u>

**I.    Brief Factual Background**

Mr. Monty Mendenhall is one of the individual Counter-Defendants and an officer of Trident.  In a brief e-mail exchange between Mendenhall and another Counter-Defendant, Samuel "Dutch" Hillenburg, Mr. Hillenburg jokingly commented that another individual had "no doubt warned [Airtronic] that you are a litigious curmudgeon with a Napoleon complex who will sue them into oblivion." (Attached as Exhibit A.)  This was a quick quip between friends, yet Airtronic has already attempted to portray it as an indication that "conducting litigation in a

harassing or unduly burdensome manner would not be out of character for the members of Trident." (Opp'n to Pl.'s Mot. to Compel Produc. 5.) Actually, Mendenhall has only been involved in two lawsuits during the course of his life, the one pending before this Court being one of them. (June 3, 2010 Mendenhall Dep. Tr. 10, 52-53, attached as Exhibit B.) Yet Airtronic would like to use this e-mail exchange to paint Mr. Mendenhall, along with the other Trident officers, as parties who are conducting a meritless, frivolous lawsuit solely for the purpose of harassing Airtronic, which is simply not the case.

**II.    Any Reference To Mr. Mendenhall As A "Litigious Curmudgeon" Would Be Both Irrelevant And Unfairly Prejudicial.**

Evidence of Mr. Hillenburg referring to Mr. Mendenhall as a "litigious curmudgeon" is not relevant under Rule 401 of the Federal Rules of Evidence. To be relevant, evidence "must in some degree advance the inquiry." *Jones v. Ford Motor Co.*, 320 F. Supp. 2d 440, 447 (E.D. Va. 2004) (internal citations omitted). The claims in the case before this Court are for breach of contract, conversion, and fraud. The fact that Mr. Mendenhall is currently involved or has ever been involved in other lawsuits besides this one will not advance the inquiry of whether the contract between the parties was breached, whether Airtronic unlawfully converted Trident's property, or whether material facts related to the agreement between the parties were misrepresented. It would merely be an attempt by Airtronic to distract the jury from the underlying merits of the case.

Separate and apart from the fact that any reference to Mr. Mendenhall as a "litigious curmudgeon with a Napoleon complex" is irrelevant, any probative value of such evidence would be substantially outweighed by the danger of unfair prejudice to Mr. Mendenhall and the other Trident officers. *See* Fed. R. Evid. 403. As mentioned above, Airtronic has already mentioned this e-mail exchange to the Court. Airtronic would no doubt would like to paint Mr.

Mendenhall as a litigious personality, therefore suggesting to this Court and the jury that Trident's case against Airtronic has no merit, and that the Counter-Defendants are all bullies. Such a suggestion would improperly prejudice the jury or cause the jury to scrutinize Mr. Mendenhall for reasons unrelated to the dispute before them.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Trident respectfully requests that the Court preclude Defendant Airtronic and its attorneys from referring to, eliciting testimony about, arguing about, commenting on, or describing Counter-Defendant Monty Mendenhall as a "litigious curmudgeon."

Date submitted: August 20, 2010

Respectfully submitted,

/s/ Rebecca A. Worthington
Alan L. Briggs, (VSB No. 38667)
Rebecca A. Worthington (VSB No. 79232)
SQUIRE, SANDERS & DEMPSEY L.L.P.
1201 Pennsylvania Avenue, NW, Suite 500
Washington, DC 20004
Phone: (202) 626-6600
Facsimile: (202) 626-6780
Counsel for Trident Enterprises, Ltd.

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 20th day of August 2010, a copy of the foregoing Memorandum in Support of the Motion in Limine was filed electronically through the Court's CM/ECF system, which notifies those noted below of its service.  A courtesy copy has also been sent via courier to:

    Gabriel D. Soll
    Jeffrey S. Jacobovitz
    Attorneys for Defendant
    MCCARTHY, SWEENEY & HARKAWAY, PC
    1825 K Street, N.W.
    Suite 700
    Washington, D.C. 20006
    Attorneys for Defendant Airtronic USA, Inc.

                                                                      /s/
                                                        Rebecca A. Worthington