**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,**   ) | |
| ) | |
| **Plaintiff,** ) | |
| **Counter-Defendant;** ) | |
| ) | Civil Action No. 1:09-cv-1355 |
| v. ) | CMH/TCB |
| ) | |
| **AIRTRONIC USA, INC.** ) | |
| ) | |
| **Defendant,** ) | |
| **Counter-Plaintiff.** ) | |

**PLAINTIFF TRIDENT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS
<u>MOTION IN LIMINE NO. 5</u>**

Any reference to the termination of Counter-Defendant Fauci's employment at Kodak is irrelevant to the issues in the case before this Court, and, even if the reference were relevant, the prejudicial nature of the evidence would substantially outweigh its probative value.

<u>**ARGUMENT**</u>

**I.   Brief Factual Background**

Mr. Brian Fauci is a Trident officer and also a Counter-Defendant.  Mr. Fauci was employed by Kodak from 1977 until 2004.  (June 4, 2010 Fauci Dep. Tr. 5-6, attached as Exhibit A.)  He was let go during a period when Kodak was experiencing major downsizing and multiple divisions were closing up.  (*Id*. at 6, Mr. Fauci stating that he has never been fired from a job.)  However, prior to being let go from Kodak, Mr. Fauci's employer was upset with him because he did some personal work on Kodak's computer. (*Id*. at 40, 81.)  They were personal technical drawings that Mr. Fauci had drafted, and are related to the grenade launcher at issue in this case.

(*Id*. at 41.)  However, the discovery of Mr. Fauci's personal work was in tandem with Kodak's reduction of its work, and was not the sole reason he was let go. (*Id*. at 42, "They were looking for any reason to get rid of anybody.")

## II. Any Reference To Mr. Fauci's Termination at Kodak Would Be Irrelevant, Unfairly Prejudicial, Would Be a Waste of The Court's Time, and Would Confuse the Issues.

Why Mr. Fauci left his employment at Kodak is not relevant under Rule 401 of the Federal Rules of Evidence.  Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  *Tunnel v. Ford Motor Co.*, 330 F. Supp. 2d 748, 761 (W.D. Va. 2004) (citing Fed. R. Evid. 401).  Essentially, this is a breach of contract case.  Trident is claiming that Airtronic breached the contract between the parties and converted Trident's property; Airtronic is claiming that Trident breached the contract, and that Trident made false representations of material fact regarding the agreement between the parties.  Whether Mr. Fauci may possibly have been let go in part because he was using work computers for a personal project has no relevancy to either Trident or Airtronic's claims.

Independent of the fact that why Mr. Fauci no longer works at Kodak is irrelevant, any probative value of such evidence would be substantially outweighed by the danger of unfair prejudice to Mr. Fauci and the other Trident officers.  *See* Fed. R. Evid. 403.  Evidence may also be excluded if it would be a waste of time, confuse the issues, or mislead the jury.  *Id*.  Airtronic would likely want to discuss Mr. Fauci's employment at Kodak in order to convince the jury that he is an unsavory character, but Mr. Fauci is not and convincing the jury of this would mean confusing the issues and wasting the court's time.  Should Airtronic's counsel choose to mention such an unrelated issue, counsel for Trident would be forced to spend part of the Court's time

addressing exactly why Mr. Fauci left Kodak and the degree to which Mr. Fauci's personal use of work property influenced Kodak's decision to let him go; as these questions have nothing to do with determining whether either party breached the contract and would merely waste the Court's time.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Trident respectfully requests that the Court preclude Defendant Airtronic and its attorneys from referring to, eliciting testimony about, arguing about, commenting on, or describing the termination of Counter-Defendant Fauci's employment at Kodak.

Date submitted: August 20, 2010                     Respectfully submitted,

/s/ Rebecca A. Worthington
Alan L. Briggs, (VSB No. 38667)
Rebecca A. Worthington (VSB No. 79232)
SQUIRE, SANDERS & DEMPSEY L.L.P.
1201 Pennsylvania Avenue, NW, Suite 500
Washington, DC 20004
Phone: (202) 626-6600
Facsimile: (202) 626-6780
Counsel for Trident Enterprises, Ltd.

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 20th day of August 2010, a copy of the foregoing Memorandum in Support of the Motion in Limine was filed electronically through the Court's CM/ECF system, which notifies those noted below of its service. A courtesy copy has also been sent via courier to:

    Gabriel D. Soll
    Jeffrey S. Jacobovitz
    Attorneys for Defendant
    MCCARTHY, SWEENEY & HARKAWAY, PC
    1825 K Street, N.W.
    Suite 700
    Washington, D.C. 20006
    Attorneys for Defendant Airtronic USA, Inc.

                                                          /s/
                                          Rebecca A. Worthington