**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **TRIDENT ENTERPRISES, LTD., et al.** ) | |
| ) | |
| **Plaintiff/Counter-** ) | |
| **Defendant** ) | |
| ) | |
| v. ) | Civil Action No. 1:09-cv-1355 |
| ) | |
| **AIRTRONIC USA, INC.** ) | |
| ) | |
| **Defendant/Counter-** ) | |
| **Plaintiff** | |

**DEFENDANT'S MOTION TO STRIKE EXPERT**
**LEO FISHER'S TESTIMONY AND MEMORANDUM IN SUPPORT**

Comes now, Defendant, Counter-Claimant, Airtronic USA, Inc. ("Airtronic"), by and through its undersigned counsel, and moves this Honorable Court to exclude the testimony (including an expert report) of Leo Fisher. In support of this Motion, states the following:

**I. Background**

On August 13, 2010, Plaintiff Trident Enterprises, Ltd. ("Trident") and the individually named Counterclaim Defendants submitted the expert report of Leo Fisher dated August 9, 2010. On August 27, 2010, Airtronic took the deposition of Mr. Fisher. On the same date, Trident and the Counterclaim Defendants designated Mr. Fisher as an expert witness in their Fed. R. Civ. Proc. 26(a)(3) Pretrial Disclosures. The deposition transcript is not yet completed, but Airtronic files this motion at this point in light of the upcoming trial date.

In his August 9, 2010 report, Mr. Fisher presents himself as an expert on the workings of closely held corporations by virtue of his 30 years in the private practice of

law. Mr. Fisher does not describe any additional training and claims his expertise only by virtue of these representations. His provided resume and web biography note his experience and focus in Employment Law and Litigation, Business Litigation, Securities Fraud, Real Estate Litigation, Construction Litigation & Arbitration, Corporate Law and Trademarks (See Exhibit 1). Mr. Fisher's report opines on whether the actions of Trident and the individual Counterclaim Defendants were "generally consistent with the actions of similarly situated closely held corporations with regard to corporate formalities, capitalization, bank accounts, corporate filings and annual reports, tax returns and the other corporate action of closely held corporations." Report of L. Fisher, Exhibit 2. Mr. Fisher concluded that they were.

At all times relevant to his inquiry, Trident's corporate existence was governed under the laws of North Carolina. At his deposition, Mr. Fisher was questioned extensively about his knowledge of North Carolina law.

## II. Argument

### a. Legal Standard

The admissibility of expert witnesses is determined under Fed. R. Evid. 702. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), *Kumho Tires Co., Ltd. v. Michael*, 526 U.S. 137 (1999). This rule provides that individuals who will testify concerning specialized knowledge must first be "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. The court's role in determining the admissibility of experts has been described as "gate-keeping" to prevent testimony that is "both powerful and misleading." *PBM Products LLC v. Mead Johnson Nutrition Co.*, Civ. No. 3:09-CV-269, 2010 WL 56072 (E.D.Va. Jan. 4, 2010), quoting

*Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 261 (4th Cir. 2005). Courts exclude opinions based on "belief or speculation" or inferences derived using invalid methods. *Daubert*, 509 U.S. at 590, 592-93.

The Supreme Court in *Daubert* set forth five non-exhaustive principles for assessing the reliability of expert testimony. These are "(1) whether the expert's technique or theory can be or has been tested; (2) whether the technique or theory has been subject to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) whether the technique or theory has been generally accepted in the scientific community." *Lone Mountain Processing, Inc. v. Bowser-Morner, Inc.*, Civ. No. 2:00-CV-00093, 2005 WL 1894957 (W.D. Va. Aug. 10, 2005), citing *Daubert*, 509 U.S. at 593-94. The Fourth Circuit warns that no one of the *Daubert* factors is dispositive, and not all might apply to every case. *U.S. v. Barnette*, 211 F.3d 803, 815 (4th Cir. 2000).

The Court in *Kumho Tire* held that similar factors apply to nonscientific expert testimony, depending on the "particular circumstances of the case." *Kumho Tire*, 526 U.S. at 149. In doing so, while they cannot apply the more clear-cut scientific standard, Courts are able to ensure the jury hears only relevant and reliable testimony. Regarding relevancy, the court must decide if the expert testimony "fits the facts" of the case and is "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *PMB Products*, citing *U.S. v. Lester*, 254 F.Supp.2d 602, 606 (E.D.Va. 2003).

The party presenting the expert bears the burden of demonstrating that such testimony is relevant and reliable by a preponderance of the evidence.

3

### b. Analysis

Mr. Fisher should not be permitted to testify as an expert as he is not qualified to do so in this matter.  The First Amended Counterclaim added Samuel Hillenburg, Brian Fauci, and Monty Mendenhall as Counterclaim Defendants and seeks to hold them jointly and severally liable with Trident for the actions ascribed to Trident.  At his deposition, Mr. Fisher admitted that he is not familiar with North Carolina laws regarding corporations, that he does not recall ever having read them and that he is not familiar with case law on holding corporate meetings.  He admitted that only about twenty percent of his business involves corporate counseling, and the remainder is litigation.  Finally, concerning his qualifications, Mr. Fisher stated that he has never testified as an expert concerning corporate compliance matters.

In addition, Mr. Fisher testified that he had never spoken to the officers of Trident, did not review the complete depositions in this case (he only reviewed excerpts provided by the attorney for Trident), did not review the original minutes to determine when they may have been recorded, did not review the North Carolina Business Act (and therefore could not determine if the annual meetings of Trident were properly called), did not talk to Mr. Fauci (Trident's Vice President) to determine why he was not aware of the alleged annual meetings, and was not familiar with the waiver provision of the North Carolina Business Act).

After reviewing the relevant N.C. Business Act, Mr. Fisher testified that Trident did not have a properly registered agent, and the company could be dissolved within sixty days. Mr. Fisher also testified that Trident is exposed to IRS and North Carolina

investigations for failure to file tax returns for five years. The failure to file was not consistent with similar small businesses. Mr. Fisher acknowledged he was aware of the fact that Trident was using Mr. Hillenburg's personal mail box for Trident mail.[1]

Mr. Fisher's testimony should be excluded because it is not reliable. Mr. Fisher's opinions are based on speculation and they were not prepared using valid methods. Mr. Fisher's report was based solely on the items, facts, and assumptions presented to him by Counsel to Trident and the individual Counterclaim Defendants. The documents he reviewed were limited to the Complaint and First Amended Counterclaim, the Counter-Defendant's Motion to Dismiss Airtronic's First Amended Counterclaim and supporting declarations, Airtronic's Opposition to that motion and supporting documents, the Rebuttal to that opposition, and Trident's tax returns. Report of L. Fisher, Exhibit 2. He testified at deposition that he did not: review all emails; speak to corporate officers; review the original minutes of the Board of Directors meetings; or review the full depositions taken in this matter other than the Aug. 18, 2010 deposition of Samuel Hillenburg.

After reviewing additional documents and statutes during his depositions, Mr. Fisher stated that Trident did not properly notice their meetings under the North Carolina Business Act. After examining the minutes of the Board of Directors meetings, he said the he saw no indication that any waiver of the notice requirements regarding such meetings had occurred. He testified that Trident did not have a registered agent in that State, which could subject it to dissolution within 60 days if the State were notified.

---

[1] Airtronic will supplement this Motion with the appropriate cites when the transcript of Mr. Fisher's deposition is finished.

5

Mr. Fisher's testimony should be excluded as his conclusions at deposition differ from his report, indicating its unreliability. In his report, Mr. Fisher stated, concerning Trident tax returns, that "[t]he fact that Trident did not file its tax returns on a timely basis may raise tax compliance issues between it and the Internal Revenue Service and North Carolina tax authorities. However, it does not change my opinion, within a reasonable degree of certainty, that the corporate actions of Trident are generally consistent with the actions of similarly situated closely held corporations..." Report of L. Fisher, 6. At his deposition, he testified that only a small percentage of businesses do not file their taxes for more than five years.

In applying similar principles to nonscientific expert testimony based on the facts of this case, it is clear that Mr. Fisher is not specially trained or educated in corporate matters to a degree that would qualify him as an expert, was not given a complete set of facts and documents, and intends to offer testimony that is inherently unreliable. While there is no standard for what attorneys will consider before rendering such an opinion, the incompleteness of Mr. Fisher's relevant legal knowledge and insufficient knowledge of the facts should cause the Court to exclude his testimony.

### III. Conclusion

Mr. Fisher's testimony is not tied to the facts of the case and is based on incomplete knowledge of both the facts and law. It is inherently not relevant and not reliable. For these reasons, Airtronic respectfully requests that the court exclude the testimony and report of Mr. Leo Fisher as an expert witness in this matter.

Dated : September 2, 2010            Respectfully submitted,

                                                                    McCarthy Sweeney & Harkaway, P.C.

                                                                    /s/ Gabriel D. Soll_____
Gabriel D. Soll (VSB No. 66734)
Jeffrey S. Jacobovitz (admitted *pro hac vice*)
Attorneys for Airtronic USA, Inc.
1825 K Street, N.W., Suite 700
Washington, D.C. 20006
(202)775-5560 (tel)
(202) 775-5574 (fax)
gsoll@mshpc.com

7

## CERTIFICATE OF SERVICE

        I hereby certify that on this 2nd day of September, 2010, a copy of the foregoing Defendant's Motion to Strike Expert Testimony was filed electronically through the Court's CM/ECF system, which notifies those noted below of its service. A courtesy copy has also been sent via first class mail to:

Alan Briggs, Esq. (abriggs@ssd.com)
Rebecca Worthington, Esq. (rworthington@ssd.com)
Squire, Sanders & Dempsey, L.L.P.
1201 Pennsylvania Ave., N.W.
Suite 500
Washington, D.C. 20004

Counsel to Trident Enterprises, Ltd.


                                    /s/ Gabriel D. Soll
                                    Gabriel D. Soll, Esq.