Defendant/Counter-Plaintiff Airtronic USA, Inc.
Index of Proposed Instructions

Airtronic Proposed Instruction #1: General Instruction

Airtronic Proposed Instruction #2: Election Of Foreperson; Duty To Deliberate;
  Communications with Court; Cautionary; Unanimous Verdict; Verdict Form

Airtronic Proposed Instruction # 3: Credibility of Witnesses

Airtronic Proposed Instruction # 4: Evidence in the Case

Airtronic Proposed Instruction # 5: Number of Witnesses

Airtronic Proposed Instruction # 6: Use of Deposition Evidence

Airtronic Proposed Instruction # 7: "Inferences" Defined

Airtronic Proposed Instruction #8: Adverse Witnesses

Airtronic Proposed Instruction #9: Expert Witness

Airtronic Proposed Instruction #10: Prior Inconsistent Statement by Witness

Airtronic Proposed Instruction #11:  Amount sued for Not in Evidence

Airtronic Proposed Instruction #12: Verdict Not to Be Based on Sympathy, Bias, Guesswork, or
  Speculation

Airtronic Proposed Instruction #13: Issues and Allocations of Burden of Proof: Breach of
  Contract Claim and Counterclaim

Airtronic Proposed Instruction #14: Definition of a Contract

Airtronic Proposed Instruction #15: Mutuality of Obligation

Airtronic Proposed Instruction #16: Material Breach of Contract

Airtronic Proposed Instruction #17: First Material Breach

Airtronic Proposed Instruction #18: Ordinary Meaning of Words

Airtronic Proposed Instruction #19: Custom and Usage of Trade

Airtronic Proposed Instruction #20: Waiver

Airtronic Proposed Instruction #21: Fraud in the Inducement

Airtronic Proposed Instruction #22: Definition of Actual Fraud: Intentional Misrepresentation

Airtronic Proposed Instruction #23: Definition of Constructive Fraud

Airtronic Proposed Instruction #24: Definition of Misrepresentation

Airtronic Proposed Instruction #25: Definition of Material Fact

Airtronic Proposed Instruction #26: Definition of Reliance

Airtronic Proposed Instruction #27: Evidence for Proof

Airtronic Proposed Instruction #28: Finding Instruction: Actual and Constructive Fraud

Airtronic Proposed Instruction #29: Definition of Joint and Several Liabiltiy

Airtronic Proposed Instruction #30: Definition of Piercing the Corporate Veil

Airtronic Proposed Instruction #31: Finding Instruction Piercing the Corporate Veil

Airtronic Proposed Instruction #32: Damages: Direct

Airtronic Proposed Instruction #33: Damages: Consequential

Airtronic Proposed Instruction #34: Damages: Punitive

Airtronic Proposed Instruction #35: Damages: Reasonable Proof

Airtronic Proposed Instruction #36: Wrongful or Tortious Interference with Prospective Business Relationship: Issue

Airtronic Proposed Instruction #37: Wrongful or Tortious Interference with Prospective Business Relationship: Finding Instruction

Airtronic Proposed Instruction #38: Conversion: Definition

Airtronic Proposed Instruction #39: Conversion: Immediate Right of Possession

Airtronic Proposed Instruction #40: Conversion: Finding Instruction

Airtronic Proposed Instruction #41: Conversion: Damages

Airtronic Proposed  Instruction #1:
**General Introduction**[1]

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

---

[1] O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* Section 103.01 (5th ed. 2000).

Airtronic Proposed Instruction #2:

**Election Of Foreperson; Duty To Deliberate; Communications With Court; Cautionary; Unanimous Verdict; Verdict Form**[2]

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty as jurors, to discuss this case with one another in the jury room and to try and reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshall signed by one or more of the jurors. I will respond as soon as possible either in writing or orally, in open court. Remember that you should not tell anyone - including me - how your vote stands numerically.

Fourth, your verdict must be based solely on the evidence and the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Finally, you will receive verdict forms which are simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the

---

[2] O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* Section 103.01 (5th ed. 2000).

marshal that you are ready to return to the courtroom

Airtronic Proposed Instruction #3:
**Credibility of Witnesses** [3]

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony. From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

---

[3] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction  2.020.

Airtronic Proposed Instruction #4:
**Evidence in the Case**[4]

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but is not evidence. However, when the lawyers on both sides stipulate and agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

---

[4] O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* Section 103.01 (5th ed. 2000).

Airtronic Proposed Instruction #5:
**Number of Witnesses**[5]

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witness and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

---

[5] O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* Section 104.20 (5th ed. 2000).

Airtronic Proposed Instruction #6:
**Use of Deposition Evidence**[6]

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witnesses in advance of trial by one or more of the attorneys for the parties to the case. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.  If the witness is present and also testifies, you should follow the instruction regarding credibility of witnesses.

---

[6] O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* Section 104.20 (5th ed. 2000).

Airtronic Proposed Instruction #7:
**"Inferences" Defined**[7]

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

---

[7] O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* Section 104.20 (5th ed. 2000).

Airtronic Proposed Instruction #8:
**Adverse Witness** [8] **(Possible)**

The Airtronic USA called the Counterclaim Defendants as adverse witnesses. Airtronic USA is bound by as much of the Counterclaim Defendants' testimony given as an adverse witness as is clear, logical, reasonable and uncontradicted.

Airtronic USA is not bound by any of the Counterclaim Defendants' testimony given as an adverse witness that conflicts with any of the other evidence in the case.

---

[8] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction  2.030.

Airtronic Proposed Instruction #9:
**Expert Witness**[9]

In considering the weight to be given to the testimony of an expert witness, you should consider the basis for his opinion and the manner by which he arrived at it and the underlying facts and data upon which he relied.

---

[9] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction  2.040.

Airtronic Proposed Instruction #10:
**Prior Inconsistent Statement by Witness** [10]

  If you believe from the evidence that a witness previously made a statement inconsistent with his testimony at this trial, the only purpose for which the statement may be considered by you is its bearing on the witness's credibility. It is not evidence that what the witness previously said is true.

---

[10] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction  2.130.

Airtronic Proposed Instruction #11:
**Amount Sued for Is Not Evidence** [11]

      The amount sued for is not evidence in this case; you should not consider it as evidence in arriving at your verdict.

---

[11] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction  2.180.

Airtronic Proposed Instruction #12:
**Verdict Not to Be Based on Sympathy, Bias, Guesswork, or Speculation** [12]

You must not base your verdict in any way upon sympathy, bias, guesswork or speculation. Your verdict must be based solely upon the evidence and instructions of the court.

---

[12] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction  2.220.

Airtronic Proposed Instruction #13:
**Issues and Allocations of Burden of Proof: Breach of Contract Claim and Counterclaim**[13]

There are two sets of claims being tried by this jury.

The first set is Trident Enterprises, Ltd. claims against Airtronic USA, Inc. You should decide this case first. In this case, the issues are:

(1)     Was there a contract between Trident Enterprises and Airtronic USA?

(2)     If there was a contract, did Airtronic USA breach the contract?

(3)     If Airtronic USA did breach a contract, what is the amount of damages to Trident Enterprises caused by the breach?

On these issues Trident Enterprises has the burden of proof.

For the counterclaim, the issues are:

(1)     You should rely on your finding above regarding the existence of a contract between Trident Enterprises and Airtronic.

(2)     Did Trident Enterprises and the Individual Counterclaim Defendants breach that contract  by failing to perform all of their obligations?

(3)     If Trident Enterprises and the Individual Counterclaim Defendants did breach that contract, what is the amount of damages to Airtronic USA caused by the breach?

On these issues, Airtronic USA has the burden of proof.

In this case, the parties have stipulated that there was a contract between Trident Enterprises and Airtronic USA.  You need only decide the remaining questions.

---

[13] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction  45.005.

Airtronic Proposed Instruction #14:
**Definition of Contract**[14]

A contract is an agreement, for consideration, between two or more parties. A contract arises when an offer is accepted.

---

[14] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction  45.010.

Airtronic Proposed Instruction #15:
**Mutuality of Obligation**[15]

When two parties have exchanged promises as consideration, each must be bound to do or refrain from doing something.

---

[15] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction  45.180.

Airtronic Proposed Instruction #16:
**Material Breach of Contract**[16]

A material breach of contract occurs if a party fails to do something which it is bound to do according to the contract which is so important or central to the contract that the failure defeats the very purpose of the contract.

---

[16] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction  45.440.  *Horton v. Horton*, 254 Va. 111, 487 S.E.2d 200 (Va. 1997).

Airtronic Proposed Instruction #17:
**First Material Breach**[17]

      The party which commits the first material breach cannot then enforce the contract, even if the parties continued to perform under the contract despite that breach.

      If you find that one party to the contract in this case committed the first material breach, you must rule against that party's breach of contract claim and rule in favor of the other party.

---

[17] *Horton v. Horton*, 254 Va. 111, 487 S.E.2d 200 (Va. 1997); *Tandberg, Inc. v. Advanced Media Design, Inc.*, No. 1:09cv863, 2009 WL 4067717 (E.D.Va. 2009).

Airtronic Proposed Instruction #18:
**Ordinary Meaning of Words**[18]

Words used by the parties should be given their ordinary, usual, and popular meaning, unless you find that the parties clearly intended such words to have another meaning.

---

[18] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction  45.305

Airtronic Proposed Instruction #19:
**Custom and Usage of Trade**[19]

The customs and usages of the trade may be shown to establish a point on which the contract is silent or unclear.

To show the existence of a custom or usage of the trade, a party must prove by the greater weight of the evidence that the custom was well established, known to the contracting parties, and generally followed in the trade at the time the contract was made. You may presume knowledge by the contracting parties where the parties are engaged in the same trade or if the custom and usage is uniform and notorious where the contract is to be performed.

---

[19] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction  45.340.

Airtronic Proposed Instruction #20:
**Waiver**[20]

  A waiver occurs when a party intentionally gives up a contractual right which would have been beneficial to it.  A waiver may be expressly stated or it may be implied from conduct.  A party cannot waive a right unless he has full knowledge of it.

---

[20] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction  45.410.

Airtronic Proposed Instruction #21:
**Fraud in the Inducement**[21]

A party is excused for his failure to perform a contract if he was induced to enter into the contract by fraud. Fraud must be proven by clear and convincing evidence.

---

[21] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction  45.480.

 Airtronic Proposed Instruction #22:
**Definition of Actual Fraud: Intentional Misrepresentation**[22]

Actual fraud is a misrepresentation of a material fact, knowingly and intentionally made, with the intent to mislead another person, which that person relied upon with the result that he was damaged by it.

---

[22] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction 39.000

Airtronic Proposed Instruction #23:
**Definition of Constructive Fraud**[23]

Constructive fraud is a misrepresentation of a material fact, innocently or negligently made, with the intent that a person will rely on it and which that person relied upon with the result that he was damaged by it.

---

[23] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction 39.040.

Airtronic Proposed Instruction #24:
**Definition of Misrepresentation**[24]

A misrepresentation is any words or conduct which produce a false or misleading impression of fact in the mind of another. The misrepresentation must be made concerning an actually existing or past fact. A promise, an expression of interest, or an expectation or opinion concerning the future is not a misrepresentation.

A misrepresentation may result from silence, concealment, or suppression of facts as well as from an affirmative representation.

---

[24] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction 39.010;  *Noell Crane Systems, GmbH v. noel Crane and Service, Inc.*, 677 F.Supp2d 852, 871 (E.D.Va. 2009).

Airtronic Proposed Instruction #25:
**Definition of Material Fact**[25]

     A material fact is one which influences a person to act or not to act.

---

[25] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction 39.020.

Airtronic Proposed Instruction #26:
**Definition of Reliance**[26]

Reliance is a belief that a representation is true which causes a person to take action he would not otherwise have taken.

---

[26] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction 39.030.

Airtronic Proposed Instruction #27:
**Evidence for Proof**[27]

In deciding whether fraud exists, you may take into consideration the relative knowledge of the parties, their respective motives and intentions, the closeness of their relationship, the actions of the parties, the nature and character of the transaction including the adequacy of the price, and all of the other surrounding facts and circumstances.

---

[27] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction 39.080.

Airtronic Proposed Instruction #28:
**Finding Instruction: Actual and Constructive Fraud**[28]

You shall return your verdict in favor of Airtronic USA for actual or constructive fraud if it is

proved:

>   (1)  that Trident Enterprises, Samuel Hillenburg, Brian Fauci or Monty Mendenhall
>
>        misrepresented one or more material facts; and
>
>   (2)  that such misrepresentation was made intentionally and knowingly or it was made
>
>        innocently or negligently; and
>
>   (3)  that it was made with the intent that Airtronic USA  rely upon it; and
>
>   (4)  that Airtronic USA relied upon it; and
>
>   (5)  that Airtronic USA was damaged as a result.

You shall find your verdict on Airtronic USA's counterclaims of fraud or constructive

fraud for Trident Enterprises, Samuel Hillenburg, Brian Fauci or Monty Mendenhall if Airtronic

USA failed to prove any one or more of the elements above.

---

[28] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction 39.110.

Airtronic Proposed Instruction #29:
**Definition of Joint and Several Liability**[29]

Multiple individuals and/or entities are jointly and severally liable to a harmed party when their separate and individual acts cause a single, indivisible harm to another party.  When this occurs, any one or all are liable for the entire damages.

---

[29] *Sullivan v. Robertson Drug Co.*, 273 Va. 84, 639 S.E.2d 250, 256 (Va. 2007); *Nelson-Salables, Inc. v. Morningside Development, LLC,* 284 F.3d 505, 517 (4th Cir. 2002).

Airtronic Proposed Instruction #30:
**Definition of "Piercing the Corporate Veil"/Individual Liability**[30]

"Piercing the Corporate Veil" means to disregard a corporation's existence and assign liability to individuals who own a corporation for the wrongful corporate activity.  Such "wrongful activity" is often found when a corporation was used to evade personal obligations, perpetrate crimes or fraud, commit injustices, or to gain unfair advantages.  No single rule or event creates a situation where piercing the corporate veil is justified.

---

[30] *O'Hazza v. Executive Credit Corporation*, 246 Va. 111, 431 S.E.2d 318, 320 (Va. 1993).

Airtronic Proposed Instruction #31:
**Finding Instruction: Piercing the Corporate Veil/Liability of Individuals**[31]

      If your verdict is in favor of Airtronic USA on any of its Counterclaims, you may assign

the liability to Samuel Hillenburg, Brian Fauci, or Monty Mendenhall in addition to Trident

Enterprises, if you believe that the company Trident Enterprises was used to perpetrate the frauds

and other bad acts alleged and that to assign the liability only to Trident Enterprises would create

an injustice.

---

[31] *O'Hazza v. Executive Credit Corporation*, 246 Va. 111, 431 S.E.2d 318, 320 (Va. 1993), citing *Lewis Trucking Co. v. Commonwealth*, 207 Va. 23, 147 S.E.2d 747, 753 (Va. 1966).

Airtronic Proposed Instruction #32:
**Damages: Direct** [32]

     If you find that a party has breached the contract; the other is entitled to recover as damages all of the damages it sustained that are a natural and ordinary result of the breach and that it has proved by the greater weight of the evidence.

---

[32] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction  45.500.

Airtronic Proposed Instruction #33:
**Damages: Consequential**[33]

Consequential damages are damages resulting form the breach of the contract that arise from special circumstances actually foreseen or reasonably foreseen by the parties when they made the contract.  If you find your verdict for either party, you may award that party such damages as you believe by the greater weight of the evidence it sustained as a result of the breach.

---

[33] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction  45.530.

Airtronic Proposed Instruction #34:
**Damages: Punitive**[34]

If you find that Airtronic USA is entitled to be compensated for its damages, and if you further believe by the greater weight of the evidence that Trident Enterprises, Samuel Hillenburg, Brian Fauci, or Monty Mendenhall acted with actual malice toward Airtronic USA or acted under circumstances amounting to a willful and wanton disregard of Airtronic USA's rights, then you may also award punitive damages to Airtronic USA to punish Trident Enterprises, Samuel Hillenburg, Brian Fauci, or Monty Mendenhall for the actions and to serve as an example to prevent others from acting in a similar way.

If you award punitive damages, you must state separately in your verdict the amount you allow as compensatory damages and the amount you allow as punitive damages.

---

[34] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction  9.080.

Airtronic Proposed Instruction #35:
**Damages: Reasonable Proof** [35]

The burden is on the party you decide suffered the breach of contract by the other party to prove by the greater weight of the evidence that it sustained damages. The party is not required to prove the exact amount of its damages, but must show sufficient facts and circumstances to permit you to make a reasonable estimate of them. If that party fails to do so, then it cannot recover the damages.

---

[35] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction 45.510.

Airtronic Proposed Instruction #36:
**Wrongful or Tortious Interference With Prospective Business Relationship: Issues**[36]

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

(1) Was there a prospective business relationship between Trident Enterprises and MILKOR; and

(2) Was there a reasonable probability of future economic benefit to Trident Enterprises from that prospective business relationship; and

(3) Did Airtronic USA know of this prospective business relationship; and

(4) Did Airtronic use improper methods to interfere with the prospective business relationship; and

(5) Did Airtronic USA intend to interfere with the prospective business relationship; and

(6) Was it reasonably certain that the expectancy would have been realized in the absence of the alleged conduct; and

(7) Did Airtronic USA's interference with the prospective business relationship proximately cause damage to Trident Enterprises?

On these issues, Trident Enterprises has the burden of proof.

Your decisions on these issues must be governed by the instructions that follow.

---

[36] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction 40.200.

Airtronic Proposed Instruction #37:

**Wrongful or Tortious Interference With Prospective Business Relationship: Finding Instruction**[37]

You shall find your verdict for Trident Enterprises if it proved by the greater weight of the evidence:

(1) that there was a prospective business relationship between Trident Enterprises and MILKOR, Inc.; and

(2) that there was a reasonable probability of future economic benefit to Trident Enterprises from that prospective business relationship; and

(3) that Airtronic USA knew of this prospective business relationship; and

(4) that Airtronic USA used improper methods to interfere with the prospective business relationship; and

(5) that Airtronic USA intended to interfere with the prospective business relationship; and

(6) that it was reasonably certain that the expectancy would have been realized in the absence of Airtronic USA's conduct; and

(7) that Trident Enterprises was damaged by the disruption of the prospective business relationship.

You shall find your verdict for Airtronic USA if Trident Enterprises failed to prove any one or more of these elements.

---

[37] *Virginia Model Jury Instructions – Civil*, Dec. 2009.  Instruction  40.250.

Airtronic Proposed Instruction #38:
**Conversion – Definition**[38]

Trident Enterprises seek recovery against Airtronic USA for conversion of its personal property.  "Conversion" is the wrongful exercise or assumption of authority, personally or by procurement, over another's goods, depriving him of their possession.

---

[38] *Airlines Reporting Co. v. Pishvaian,* 155 F. Supp.2d  659, 664 (E.D.Va 2001); *Bader v. Central Fidelity Bank*, 245 Va. 286, 427 S.E.2d 184 (1993).

Airtronic Instruction #39:
**Conversion: Immediate Right to Possession**[39]

In order to prove their claim of conversion against Airtronic USA, Trident Enterprises must demonstrate that Trident Enterprises had an immediate right to possession of the property that was allegedly converted. Stated another way, this means that Trident Enterprises must demonstrate that it had a right to the property it alleges was converted by Airtronic USA, that it owned the property, at the time of alleged conversion. Trident Enterprises must demonstrate that this property right is clear, definite, undisputed, and obvious.

---

[39]*U.S. v. Moffitt, Zwerling & Kenler, P.C.,* 83 F.3d 660, 670 (4th Cir. 1996) (citing *United Leasing Corp. v. Thrift Ins. Corp.,* 247 Va. 299, 305,440 S.E.2d 902, 905 (1994)).

Airtronic Proposed Instruction #40:
**Conversion: Finding Instruction**[40]

You may find for Trident Enterprises if you determine it has proven by a preponderance of the evidence that:

1. it owned a property right in the goods at issue; and

2. it is entitled to immediate possession of the property; and

3. Airtronic USA wrongfully used the Trident Enterprises personal property as its own and exercised authority over it without Trident Enterprises' consent, thus depriving Trident Enterprises of possession of such property.

---

[40] *Airlines Reporting Co. v. Pishvaian,* 155 F. Supp.2d  659, 664 (E.D.Va 2001)

Airtronic Proposed Instruction #41:
**Conversion: Damages**[41]

If you determine that Airtronic USA is liable to Trident Enterprises on its claim for conversion, and if you determine that Trident Enterprises has proven by a preponderance of the evidence that it incurred damages which resulted from Airtronic USA's conduct, you may assess damages against Airtronic USA.

The measure of damages for conversion is the fair market value of the property at the time and place of conversion.

---

[41] *Straley v. Fisher*, 176 Va. 163, 167, 10 S.E.2d 551, 553 (Va. 1940).