UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

**PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 1**

**Preliminary Instructions to Jury**

Members of the jury, the order of the trial of this case will be in four stages:

1. Opening statements
2. Presentation of the evidence
3. Instructions of law
4. Final argument

After the conclusion of final argument, I will instruct you concerning your deliberations. You will then go to your room, select a foreperson, deliberate, and arrive at your verdict.

**Opening Statements**

The plaintiff's attorney may make an opening statement outlining the plaintiff's case. Then the defendant's attorney also may make an opening statement. Neither side is required to do so.

**Presentation of the Evidence**

Following the opening statements, the plaintiff will introduce evidence, after which the defendant then has the right to introduce evidence (but is not required to do so). Rebuttal evidence may then be introduced if appropriate.

**Instructions of Law**

1

At the conclusion of all evidence, I will instruct you on the law which is to be applied to this case.

**Final Argument**

Once the evidence has been presented and you have been instructed on the law, then the attorneys may make their closing arguments. The plaintiff's attorney will argue first, the defendant's attorney may reply, and the plaintiff's attorney may close in rebuttal.

Members of the jury, your function in the trial of this case is to reach a unanimous verdict that is based solely on the evidence and the instructions of law which you will be given after all the evidence has been presented. The law applicable to this case is given to you in these instructions and in the other instructions you will receive at the close of all evidence, and it is your duty to follow all such instructions.

No statement or ruling or remark that I may make during the course of the trial is intended to indicate my opinion as to what the facts are. It is the function of the jury to consider the evidence and determine the facts in this case.

The evidence which you are to consider consists of testimony of witnesses, any exhibits admitted into evidence, and any facts agreed upon between the parties and presented to you in the form of a stipulation. The admission of evidence in court is governed by rules of law. From time to time, it may be the duty of the attorneys to make objections, and it is my duty as judge to rule on those objections and decide whether or not you can consider certain evidence. You must not consider testimony or exhibits to which an objection was sustained or which has been ordered stricken. If an objection is overruled, then you may consider that evidence together with all other evidence in the case. The opening statements and closing arguments of the attorneys are intended to help you in understanding the evidence and in applying the law, but their statements are not evidence.

In your determination of what the facts are, you alone must determine the credibility of the witnesses and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case. You should not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper. You should use your common sense in considering the evidence, and you may draw reasonable inferences from that evidence; but in doing so, you should not indulge in guesswork or speculation. From consideration of these things and all the other circumstances of the case, you should determine which witnesses are more believable and weigh their testimony accordingly. Until this case is submitted to you for your deliberations, you should not decide any issue in the case, and you should not discuss the case with anyone or remain within hearing of anyone who is discussing it. There will be occasional recesses during the trial. During the recesses, you should not discuss the case with your fellow jurors or go to the scene or make any independent investigation or receive any information about the case from radio, television, or the

2

newspapers.  Once your deliberations commence, then you must discuss the case only in the jury room when all the members of the jury are present.

Do not attempt at any time prior to the conclusion of the case to research any fact, issue, or law related to this case, whether by discussion with others, by research in a library or on the Internet, or by any other means or source.  You must not use Internet maps, or any other program or device to search for and view any location discussed in the testimony.  You must not search for any information about the case, or the law which applies to the case, or the people involved in the case, including the parties, the witnesses, the lawyers, or the judge.  You must not communicate with anyone about the case by any other means, including by telephone, text messages, email, internet chat or chat rooms, blogs, or social web sites.

Just prior to your deliberations, you will be given final instructions with regard to your selection of a leader, the conduct of your deliberations, and the forms for your verdict.

The faithful and proper performance by you of your duty is vital to the administration of justice.  On behalf of the court and the litigants, we appreciate your giving your complete attention to the case as it is presented.

Thank you.

**Sources & Authority**
1-2 Virginia Model Jury Instructions - Civil Instruction No. 2.000

**Governing Statutes:**
None.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No. 1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

**PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED**
**JURY INSTRUCTION NO. 2**

**Function of the Court, the Jury and Counsel**

**[1] Parties to the Judicial Process**

**Instructions 71-1 Juror Attentiveness**

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

**Instruction 71-2 Role of the Court**

You have not heard all of the evidence in the caser as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be--or ought to be--it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

## Instruction 71-3  Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said--or what I may say in these instructions--about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the (plaintiff/defendant) has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

## Instruction 71-4  Jury Oath

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

**Instruction 71-5 Jury To Disregard Court's View**

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

**Instruction 71-6 Conduct of Counsel**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**Instruction 71-7 Reprimand of Counsel for Misconduct**

During the course of the trial, I have had to admonish or reprimand an attorney because I did not believe what he was doing was proper. You should draw no inference against him or his client. It is the duty of the attorneys to offer evidence and press objections on behalf of their side. It is my function to cut off counsel from an improper line of argument or questioning, to strike offending remarks and to reprimand counsel when I think it is necessary. But you should draw

no inference from that. It is irrelevant whether you like a lawyer or whether you believe I like a lawyer.

In fact, in this case, I would like to express my gratitude to each of the attorneys for their conscientious efforts on behalf of their clients and for work well done.

Your verdict should be based on the facts as found by you from the evidence and the law as instructed by the court.

**Sources & Authority**
4-71 Modern Federal Jury Instructions - Civil P 71.01

**United States Supreme Court**: *Patapsco Insurance Co. v. Southgate*, 30 U.S. 604, 621, 8 L. Ed. 243 (1831).

**Second Circuit**: *Franks v. United States Lines Co.*, 324 F.2d 126 (2d Cir. 1963).

**Third Circuit**: *United States v. 564. 54 Acres of Land*, 576 F.2d 983 (3d Cir. 1978), *rev'd on other grounds*, 441 U.S. 506 (1979); Third Circuit Model Civil Jury Instruction 3.1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No. 1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 3

**Instruction 73-1  Burden of Proof -- General Instruction**

This is a civil case and as such the plaintiff has the burden of proving the material allegations of his complaint by a preponderance of the evidences. Similarly, with respect to the counterclaims that have been made by the defendant, the burden of roof is upon the defendant to prove the material allegations of those counterclaims by a preponderance of the evidences, except the counterclaims for fraud which must be proved by clear and convincing evidence.

If after considering all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which it has the burden of proof, then you must find for the plaintiff on its claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his burden and you must find for the defendant. By the same token, if you find that the defendant has carried his burden of proof with respect to each of the elements of its counterclaims, then you must find for the defendant.

**Sources & Authority**
4-73 Modern Federal Jury Instructions - Civil P 73.01

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| Counter-Defendant; | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| v. | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| Defendant, | ) | |
| Counter-Plaintiff. | ) | |

PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 4

**Instruction 73-2 Preponderance of the Evidence**

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties--that it is equally probable that one side is right as it is that the other side is right--then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence--he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof--that what the party claims is more likely true than not true--then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

**Sources & Authority**
4-73 Modern Federal Jury Instructions - Civil P 73.01

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No. 1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 5

**Clear and Convincing Evidence**

The party with the burden of proof on the issue of fraud has the burden of proving all of the elements of his claim on that issue to you by clear and convincing evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by clear and convincing evidence, you must decide against him on the issue you are considering.

What does "clear and convincing evidence" mean? Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true. On the other hand, "clear and convincing" proof is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt.

Clear and convincing proof leaves no substantial doubt in your mind. It is proof that establishes in your mind, not only the proposition at issue is probable, but also that it is highly probable. It is enough if the party with the burden of proof establishes his claim beyond any "substantial doubt"; he does not have to dispel every "reasonable doubt."

**Sources & Authority**
4-73 Modern Federal Jury Instructions - Civil P 73.01

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 6

**74-1 What Is and Is Not Evidence**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose-- such as for the purpose of assessing a witness' credibility--you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**Sources & Authority**
4-74 Modern Federal Jury Instructions - Civil P 74.01

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **Counter-Defendant;** ) | |
| ) | **Civil Action No. 1:09-cv-1355** |
| **v.** ) | **CMH/TCB** |
| ) | |
| **AIRTRONIC USA, INC.** ) | |
| ) | |
| **Defendant,** ) | |
| **Counter-Plaintiff.** ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
## JURY INSTRUCTION NO. 7

### 74-2  Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses--something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of) all the evidence presented.

**Sources & Authority**
4-74 Modern Federal Jury Instructions - Civil P 74.01

**United States Supreme Court:** *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330, 81 S. Ct. 6, 5 L. Ed. 2d 20 (1960)

**Fourth Circuit**: *United Textile Workers of America, AFL-CIO, Local Union NO. 120 v. Newberry Mills, Inc.*, 1238 F. Supp. 366 (W.D.S.C. 1965)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TRIDENT ENTERPRISES, LTD., et al,          )
                                           )
                        Plaintiff,         )
                 Counter-Defendant;        )
                                           )      Civil Action No.  1:09-cv-1355
        v.                                 )                           CMH/TCB
                                           )
AIRTRONIC USA, INC.                        )
                                           )
                        Defendant,         )
                 Counter-Plaintiff.        )


**PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 8**

**74-4  Stipulation of Facts**

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.


**Sources & Authority**
4-74 Modern Federal Jury Instructions - Civil P 74.02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 9

**P 74.07 Interrogatories**

**74-13 Interrogatories**

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side. Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

**Sources & Authority**
4-74 Modern Federal Jury Instructions - Civil P 74.07

**Fourth Circuit:**  *Marcoin, Inc. v. Edwin K. Williams & Co., Inc.,* 605 F.2d 1325 (4th Cir. 1979); *Coca-Cola Co. v. Dixi-Cola Laboratories*, 30 F. Supp. 275 (D. Md. 1939)

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
## JURY INSTRUCTION NO. 11

**74-14  Depositions**

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**Sources & Authority**
4-74 Modern Federal Jury Instructions - Civil P 74.07

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No. 1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
## JURY INSTRUCTION NO. 12

### P 76.01  Witness Credibility

[1] In General

76-1 Witness Credibility

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor--that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of

the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

**Sources & Authority**
4-76 Modern Federal Jury Instructions - Civil P 76.01

**United States Supreme Court:** *Sartor v. Arkansas National Gas Corp.*, 321 U.S. 620, 64 S. Ct. 724, 88 L. Ed. 967 (1944).

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **Counter-Defendant;** ) | |
| ) | **Civil Action No.  1:09-cv-1355** |
| **v.** ) | **CMH/TCB** |
| ) | |
| **AIRTRONIC USA, INC.** ) | |
| ) | |
| **Defendant,** ) | |
| **Counter-Plaintiff.** ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
## JURY INSTRUCTION NO. 13

**76-2  Bias**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

**Sources & Authority**
4-76 Modern Federal Jury Instructions - Civil P 76.01

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **Counter-Defendant;** ) | |
| ) | **Civil Action No.  1:09-cv-1355** |
| **v.** ) | **CMH/TCB** |
| ) | |
| **AIRTRONIC USA, INC.** ) | |
| ) | |
| **Defendant,** ) | |
| **Counter-Plaintiff.** ) | |

**PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED**
**JURY INSTRUCTION NO. 14**

**76.3  Interest in Outcome**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

**Sources & Authority**
4-76 Modern Federal Jury Instructions - Civil P 76.01

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
## JURY INSTRUCTION NO. 15

### 76-4  Discrepancies in Testimony

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

**Sources & Authority**
4-76 Modern Federal Jury Instructions - Civil P 76.01

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

**TRIDENT ENTERPRISES, LTD., et al,**        )
                                             )
              **Plaintiff,**                 )
         **Counter-Defendant;**              )
                                             )        Civil Action No.  1:09-cv-1355
              **v.**                         )                    **CMH/TCB**
                                             )
**AIRTRONIC USA, INC.**                      )
                                             )
              **Defendant,**                 )
         **Counter-Plaintiff.**              )

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 16

### 76-5  Impeachment by Prior Inconsistent Statements

You have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness' trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

**Sources & Authority**
4-76 Modern Federal Jury Instructions - Civil P 76.01

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 17

### [2] Expert Witnesses

### 76-9  Expert Witnesses -- Generally

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

**Sources & Authority**
4-76 Modern Federal Jury Instructions - Civil P 76.01

25

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **Counter-Defendant;** ) | |
| ) | **Civil Action No. 1:09-cv-1355** |
| **v.** ) | **CMH/TCB** |
| ) | |
| **AIRTRONIC USA, INC.** ) | |
| ) | |
| **Defendant,** ) | |
| **Counter-Plaintiff.** ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 18

**Definition of Proximate Cause**

   A proximate cause of an accident, injury, or damage is a cause which, in natural and continuous sequence, produced the accident, injury, or damage. It is a cause without which the accident, injury, or damage would not have occurred.

**Sources & Authority**
1-5 Virginia Model Jury Instructions - Civil Instruction No. 5.000.

**Case Authority**
*Howell v. Sobhan*, 278 Va. 278, 682 S.E.2d 938 (2009)

**Governing Statutes:**
None.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
## JURY INSTRUCTION NO. 19

**Definition of Contract**

A contract is an agreement, for consideration, between two or more parties. A contract arises when an offer is accepted.

**Sources & Authority**
2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.010
*See* Va. Code Ann. §§ 8.1A-303, 8.2-106, 8.2-201-8.2-207.

**Case Authority**
*Buchanan v. Doe,* 246 Va. 67, 72, 431 S.E.2d 289, 292 (1993)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **Counter-Defendant;** ) | |
| ) | Civil Action No. 1:09-cv-1355 |
| **v.** ) | CMH/TCB |
| ) | |
| **AIRTRONIC USA, INC.** ) | |
| ) | |
| **Defendant,** ) | |
| **Counter-Plaintiff.** ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 20

**Material Breach of Contract**

A material breach of contract occurs if a party fails to do something which he is bound to do according to the contract which is so important and central to the contract that the failure defeats the very purpose of the contract.

**Sources & Authority**
2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.400

**Case Authority**
*Parr v. Alderwoods Group, Inc.,* 268 Va. 461 , 467 , 604 S.E.2d 431, 434-35 (2004);
*Countryside Orthopaedics, P.C. v. Peyton,* 261 Va. 142 , 154 , 541 S.E.2d 279, 285 (2001)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division


| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No. 1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |


**PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 21**

**Contract Construed as a Whole**

The contract should be considered as a whole; no part of it should be ignored.  The contract should be interpreted to give effect to each of the provisions in it.  No word or phrase in a contract should be treated as meaningless if any meaning which is reasonable and consistent with other parts of the contract can be given to it.


**Sources & Authority**
2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.300


**Case Authority**
*First American Bank v. J.S.C. Concrete Constr.*, 259 Va. 60, 69, 523 S.E. 2d 496, 501 (2000)


**Governing Statutes:**
None.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **Counter-Defendant;** ) | |
| ) | **Civil Action No.  1:09-cv-1355** |
| **v.** ) | **CMH/TCB** |
| ) | |
| **AIRTRONIC USA, INC.** ) | |
| ) | |
| **Defendant,** ) | |
| **Counter-Plaintiff.** ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 22

**Ordinary Meaning of Words**

Words used by the parties should be given their ordinary, usual and popular meaning, unless you find that the parties clearly intended such words to have another meaning.

**Sources & Authority**
2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.305

**Case Authority**
*Palmer & Palmer Co., LLC v. Waterfront Marine Constr., Inc.,* 276 Va. 285, 290, 662 S.E.2d 77, 81 (2008)

**Governing Statutes:**
None.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| Counter-Defendant; | ) | |
| | ) | Civil Action No.  1:09-cv-1355 |
| v. | ) | CMH/TCB |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| Defendant, | ) | |
| Counter-Plaintiff. | ) | |

PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 23

**Practical Construction by the Parties**

If you have doubts about the meaning of the terms of a contact, the conduct of the parties under the contract may furnish the proper interpretation.  The interpretation by the parties entitled to great weight.  However, any interpretation suggested or supported by the act of the parties must be reasonable and not in conflict with the actual terms of the contract.

**Sources & Authority**
2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.330

**Case Authority**
*Bentley Funding Group, L.L.C. v. SK&R Group, L.L.C.*, 269 Va. 315, 332, 6509 S.E.2d 49, 57 (2005)

**Governing Statutes:**
*Va. Code Ann. §§ 8.1A-303, 8.2.202*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 24

**Waiver**

A waiver occurs when a party intentionally gives up a contractual [legal] right which would have been beneficial to him. A waiver may be expressly stated or it may be implied from conduct. A party cannot waive a right unless he has full knowledge of it.

**Sources & Authority**
2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.410

**Case Authority**
*Stockbridge v. Gemini Air Cargo, Inc.,* 269 Va. 609, 620 , 611 S.E.2d 600, 605-06 (2005); *Va. Polytechnic Inst. & State Univ. v. Interactive Return Serv.,* 267 Va. 642, 651-52, 595 S.E.2d 1, 6 (2004)

**Governing Statutes:**
*Va. Code Ann. § 8.2.209*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** )<br>)<br>**Plaintiff,** )<br>**Counter-Defendant;** )<br>)<br>**v.** )<br>)<br>**AIRTRONIC USA, INC.** )<br>)<br>**Defendant,** )<br>**Counter-Plaintiff.** ) | **Civil Action No. 1:09-cv-1355<br>CMH/TCB** |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
## JURY INSTRUCTION NO. 25

**Modification**

A written contract may be modified or changed by a later oral agreement.  Both parties must agree to the modification. A mutual intent to modify may be either expressly stated or implied from conduct.  The intent must be proved by clear and convincing evidence.

**Sources & Authority**
2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.420

**Case Authority**
*Reid v. Boyle*, 259 Va. 356, 369-70, 572 S.E. 2d 137, 144-45 (2000); *Stanley's Cafeteria, Inc. v. Abramson*, 226 Va. 68, 73, 306 S.E.2d 870, 873 (1983); *Zurich Gen. Acc. & Liab. Ins. Co. v. Baum*, 159 Va. 404, 408-09, 165 S.E. 581, 519 (1932)

**Governing Statutes:**
*Va. Code Ann. § 8.2.209*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
## JURY INSTRUCTION NO. 26

**Fraud in the Inducement**

A party is excused for his failure to perform a contract if he was induced to enter into the contract by fraud.  Fraud must be proven by clear and convincing evidence.

**Sources & Authority**
2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.480

**Case Authority**
*Davis v. Marshall Homes, Inc.*, 265 Va. 159, 165, 576 S.E.2d 504, 506 (2003)

**Governing Statutes:**
None.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **Counter-Defendant;** ) | |
| ) | **Civil Action No.  1:09-cv-1355** |
| **v.** ) | **CMH/TCB** |
| ) | |
| **AIRTRONIC USA, INC.** ) | |
| ) | |
| **Defendant,** ) | |
| **Counter-Plaintiff.** ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
## JURY INSTRUCTION NO. 27

**Finding Instruction - Contract**

On plaintiff's claim for breach of contract you shall find your verdict for the plaintiff if it has proved by the greater weight of the evidence that

> (1) there was a contract between the parties; and

> (2) the defendant breached the contract.

You shall find your verdict for the defendant if:

> (1) the defendant failed to prove either or both of the elements above;

> (2) the plaintiff fraudulently induced the defendant to enter into the contract.


**Sources & Authority**
2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.600


**Case Authority**
*Shenandoah Milling Co. v. Phosphate Prods. Corp*, 161 Va. 642, 650, 171 S.E. 681, 684 (1933);
*Lehigh Portland Cement Co. v. Virginia S.S. Co.*, 132 Va. 257, 269, 111 S.E. 104, 108 (1922)


**Governing Statutes:**
None.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 28

**Damages:  Direct**

If you find your verdict for the plaintiff on its claim for breach of contract, then it is entitled to recover as damages all of the losses it sustained that are a natural and ordinary result of the breach and that it has proved by the greater weight of the evidence.

**Sources & Authority**
2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.500

**Case Authority**
*Sunrise Continuing Care, LLC v. Wright,* 277 Va. 148, 156, 671 S.E.2d 132, 136 (2009)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **Counter-Defendant;** ) | |
| ) | Civil Action No.  1:09-cv-1355 |
| **v.** ) | CMH/TCB |
| ) | |
| **AIRTRONIC USA, INC.** ) | |
| ) | |
| **Defendant,** ) | |
| **Counter-Plaintiff.** ) | |


**PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 29**

**Conversion**

If you find from the evidence that the defendant wrongfully detained, destroyed, or exercised dominion or control over the property of the plaintiff, then you shall find for plaintiff and you should award as damages what you find from the evidence to be fair market value of the property at the time of the destruction or deprivation.

**Sources & Authority**
Matthew Bender & Company
Jury Instructions on Damages in Tort Actions § 10.02 and § 10.02A

**Case Authority**
*Hewlette v. Hovis*, 318 F. Supp. 2d 332, 337 (E.D. Va. 2004)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TRIDENT ENTERPRISES, LTD., et al,      )
                                        )
            Plaintiff,                  )
            Counter-Defendant;          )
                                        )       Civil Action No.  1:09-cv-1355
      v.                                )                         CMH/TCB
                                        )
AIRTRONIC USA, INC.                     )
                                        )
            Defendant,                  )
            Counter-Plaintiff.          )

PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 30

**Interference with Business Relations**

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

(1) Was there a prospective business relationship between the plaintiff and Mikor U.S.A., Inc.; and

(2) Was there a reasonable probability of future economic benefit to the plaintiff from that prospective business relationship; and

(3) Did the defendant know of this prospective business relationship; and

(4) Did the defendant use improper methods to interfere with the prospective business relationship; and

(5) Did the defendant intend to interfere with the prospective business relationship; and

(6) Was it reasonably certain that the business relationship would have continued in the absence of the defendant's conduct; and

(7) Did the defendant's interference with the prospective business relationship; proximately cause damage to the plaintiff?

On these issues, the plaintiff has the burden of proof.

If you find the plaintiff has proved these elements, your verdict should be for the plaintiff. If not, your verdict should be for the defendant.


**Sources & Authority**
Virginia Model Jury Instructions - Civil Instruction No. 40.200

**Case Authority**
*DurretteBradshaw, P.C. v. MRC Consulting, L.C.*, 277 Va. 140, 147, 670 S.E.2d 704, 707 (2009)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

|  |  |  |
|---|---|---|
| TRIDENT ENTERPRISES, LTD., et al, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | Civil Action No.  **1:09-cv-1355** |
| v. | ) | **CMH/TCB** |
| | ) | |
| AIRTRONIC USA, INC. | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 31

**General Damages for Interference with Business Relations**

If you find your verdict for the plaintiff on its claims for interference with business relations, then you may award the plaintiff any damage you find was proximately caused by the wrongful interference by the defendant.

**Sources & Authority**
1-9 Virginia Model Jury Instructions - Civil Instruction No. 9.000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division


| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No. 1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 32

### General Punitive Damages

If you find that the defendant is entitled to be compensated for its damages on its claim for actual fraud, and if you further believe by the greater weight of the evidence that the defendant acted with actual malice toward the defendant or acted under circumstances amounting to a willful and wanton disregard of the defendant 's rights, then you may also award punitive damages to the defendant to punish the plaintiff for his actions and to serve as an example to prevent others from acting in a similar way.

I have earlier instructed you on the definition of actual malice and that definition applies here.

If you award punitive damages, you must state separately in your verdict the amount you allow as compensatory damages and the amount you allow as punitive damages.


**Sources & Authority**
Virginia Model Jury Instructions - Civil-9.080


**Case Authority**
*Banks v. Mario Indus. of Va., Inc.*, 274 Va. 438, 650 S.E.2d 687 (2007)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
## JURY INSTRUCTION NO. 33

**Punitive Damages:  Definition of Common Law Actual Malice**

"Actual malice" is a sinister or corrupt motive such as hatred, personal spite, ill will, or a desire to injure the plaintiff.


**Sources & Authority**
1-9 Virginia Model Jury Instructions - Civil Instruction No. 9.090


**Case Authority**
*Banks v. Mario Indus. of Va., Inc.*, 274 Va. 438, 650 S.E. 2d 687 (2007)


**Governing Statutes:**
None.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No. 1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 34

**Finding Instruction - Contract**

On defendant's counterclaim for breach of contract you shall find your verdict for the plaintiff if it has proved by the greater weight of the evidence that

(3) there was a contract between the parties; and

(4) the defendant breached the contract.

You shall find your verdict for the defendant if:

(3) the defendant failed to prove either or both of the elements above;

(4) the plaintiff fraudulently induced the defendant to enter into the contract.

**Sources & Authority**
2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.600

**Case Authority**
*Shenandoah Milling Co. v. Phosphate Prods. Corp*, 161 Va. 642, 650, 171 S.E. 681, 684 (1933);
*Lehigh Portland Cement Co. v. Virginia S.S. Co.*, 132 Va. 257, 269, 111 S.E. 104, 108 (1922)

**Governing Statutes:**
None.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** )<br>)<br>**Plaintiff,** )<br>**Counter-Defendant;** )<br>)<br>**v.** )<br>)<br>**AIRTRONIC USA, INC.** )<br>)<br>**Defendant,** )<br>**Counter-Plaintiff.** ) | **Civil Action No. 1:09-cv-1355**<br>**CMH/TCB** |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
## JURY INSTRUCTION NO. 35

**Damages:  Direct**

If you find your verdict for the defendant on its counterclaim for breach of contract, then it is entitled to recover as damages all of the losses it sustained that are a natural and ordinary result of the breach and that it has proved by the greater weight of the evidence.

**Sources & Authority**
2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.500

**Case Authority**
*Sunrise Continuing Care, LLC v. Wright,* 277 Va. 148, 156, 671 S.E.2d 132, 136 (2009)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| TRIDENT ENTERPRISES, LTD., et al, | ) | |
| | ) | |
| Plaintiff, | ) | |
| Counter-Defendant; | ) | |
| | ) | Civil Action No.  1:09-cv-1355 |
| v. | ) | CMH/TCB |
| | ) | |
| AIRTRONIC USA, INC. | ) | |
| | ) | |
| Defendant, | ) | |
| Counter-Plaintiff. | ) | |

PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 36

**Finding Instruction:  Actual Fraud**

In order for Airtronic to prevail on its counterclaim of fraud it must prove by clear and convincing evidence:

(1) That Trident misrepresented a material fact; and

(2) That it was made intentionally and knowingly; and

(3) That it was made with the intent that the Airtronic rely upon it; and

(4) That the Airtronic relied upon it; and

(5) That the Airtronic was damaged as a result.

You shall find your verdict for the Trident if Airtronic failed to prove any one or more of the elements above.

**Sources & Authority**
2-39 Virginia Model Jury Instructions - Civil Instruction No. 39.090

**Case Authority**
*SuperValu, Inc. v. Johnson,* 276 Va. 356, 666 S.E.2d 335 (2008)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRIDENT ENTERPRISES, LTD., et al,    ) | |
| ) | |
| Plaintiff,    ) | |
| Counter-Defendant;    ) | |
| ) | Civil Action No. 1:09-cv-1355 |
| v.    ) | CMH/TCB |
| ) | |
| AIRTRONIC USA, INC.    ) | |
| ) | |
| Defendant,    ) | |
| Counter-Plaintiff.    ) | |

## PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 37

**General Damages for Actual Fraud**

If you find your verdict for defendants on its claim for actual fraud, then you may award the defendant any damages you find were proximately caused by the fraud.

**Sources & Authority**
1-9 Virginia Model Jury Instructions - Civil Instruction No. 9.000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 38

**General Punitive Damages**

     If you find that the plaintiff or its claim for conversion and/or on its claim for interference with business relation and find it is entitled to be compensated for its damages, and if you further believe by the greater weight of the evidence that the defendant acted with actual malice toward the plaintiff or acted under  circumstances amounting to a willful and wanton disregard of the plaintiff's rights, then you may also award punitive damages to the plaintiff to punish the defendant for his actions and to serve as an example to prevent others from acting in a similar way.

     If you award punitive damages, you must state separately in your verdict the amount you allow as compensatory damages and the amount you allow as punitive damages.

**Sources & Authority**
Virginia Model Jury Instructions - Civil-9.080

**Case Authority**
*Banks v. Mario Indus. of Va., Inc.*, 274 Va. 438, 650 S.E.2d 687 (2007)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division


TRIDENT ENTERPRISES, LTD., et al,       )
                                        )
                    Plaintiff,          )
                    Counter-Defendant;  )
                                        )      Civil Action No.  1:09-cv-1355
          v.                            )                       CMH/TCB
                                        )
AIRTRONIC USA, INC.                     )
                                        )
                    Defendant,          )
                    Counter-Plaintiff.  )


PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 39

**Finding Instruction: Constructive Fraud**

In order for Airtronic to prevail on its claim for constructive fraud it must prove by clear and convincing evidence:

(1) That Trident misrepresented a material fact; and

(2) That it was made innocently or negligently; and

(3) That it was made with the intent that Airtronic rely upon it; and

(4) That Airtronic relied upon it; and

(5) That Airtronic was damaged as a result.

You shall find your verdict for Trident if the Airtronic failed to prove any one or more of the elements above.

**Sources & Authority**
2-39 Virginia Model Jury Instructions - Civil Instruction No. 39.100


**Case Authority**
*SuperValu, Inc. v. Johnson,* 276 Va. 356, 666 S.E.2d 335 (2008)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 40

**General Damages for Constructive Fraud**

If you find your verdict for defendant on its claim for constructive fraud, then you may award the defendant any damages you find were proximately caused by the fraud.

**Sources & Authority**
1-9 Virginia Model Jury Instructions - Civil Instruction No. 9.000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TRIDENT ENTERPRISES, LTD., et al,            )
                                             )
                       Plaintiff,            )
               Counter-Defendant;            )
                                             )        Civil Action No.  1:09-cv-1355
          v.                                 )                          CMH/TCB
                                             )
AIRTRONIC USA, INC.                          )
                                             )
                       Defendant,            )
               Counter-Plaintiff.            )

PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 41

**Definition of Actual Fraud:  Intentional Misrepresentation**

Actual fraud is a misrepresentation of a material fact, knowingly and intentionally made, with the intent to mislead another person, which that person relied upon with the result that he was damaged by it.

**Sources & Authority**

**Case Authority**
*State Farm Mut. Auto Ins. v. Remley*, 270 Va. 209 , 218 , 618 S.E.2d 316, 321 (2005)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No. 1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

**PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 42**

**Definition of Constructive Fraud**

Constructive fraud is a misrepresentation of a material fact, innocently or negligently made, with the intent that a person will rely on it and which that person relied upon with the result that he was damaged by it.

**Sources & Authority**
2-39 Virginia Model Jury Instructions - Civil Instruction No. 39.040

**Case Authority**
*SuperValu, Inc. v. Johnson,* 276 Va. 356, 666 S.E.2d 335 (2008)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRIDENT ENTERPRISES, LTD., et al, | ) |
| | ) |
| Plaintiff, | ) |
| Counter-Defendant; | ) |
| | ) Civil Action No.  1:09-cv-1355 |
| v. | )                                    CMH/TCB |
| | ) |
| AIRTRONIC USA, INC. | ) |
| | ) |
| Defendant, | ) |
| Counter-Plaintiff. | ) |

PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 43

**Definition of Reliance**

Reliance is a belief that a representation is true which causes a person to take action he would not otherwise have taken [not to take action he otherwise would have taken].

**Sources & Authority**
2-39 Virginia Model Jury Instructions - Civil Instruction No. 39.030

**Case Authority**
*Colonial Ford Truck Sales, Inc. v. Schneider,* 228 Va. 671 , 677 , 325 S.E.2d 91, 94 (1985)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 44

**Definition of Material Fact**

A material fact is one which influences a person to act or not to act.

**Sources & Authority**
2-39 Virginia Model Jury Instructions - Civil Instruction No. 39.020

**Case Authority**
Spence v. *Griffin,* 236 Va. 21 , 28 , 372 S.E.2d 595, 598 (1988)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRIDENT ENTERPRISES, LTD., et al, | ) |
| | ) |
| Plaintiff, | ) |
| Counter-Defendant; | ) |
| | ) Civil Action No. 1:09-cv-1355 |
| v. | ) CMH/TCB |
| | ) |
| AIRTRONIC USA, INC. | ) |
| | ) |
| Defendant, | ) |
| Counter-Plaintiff. | ) |

PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 45

**Definition of Misrepresentation**

A misrepresentation is any words or conduct which produce a false or misleading impression of fact in the mind of another. The misrepresentation must be made concerning an actually existing or past fact. A promise, an expression of interest, or an expectation or opinion concerning the future is not a misrepresentation.

A misrepresentation may result from silence or from the suppression of facts as well as from an affirmative representation.

**Sources & Authority**
2-39 Virginia Model Jury Instructions - Civil Instruction No. 39.010

**Case Authority**
*SuperValu, Inc. v. Johnson*, 276 Va. 356, 666 S.E.2d 335 (2008)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| Counter-Defendant; | ) | |
| | ) | Civil Action No.  1:09-cv-1355 |
| v. | ) | CMH/TCB |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| Defendant, | ) | |
| Counter-Plaintiff. | ) | |

PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 46

**Evidence for Proof**

In deciding whether fraud exists, you may take into consideration the relative knowledge of the parties, their respective motives and intentions, the closeness of their relationship, the actions of the parties, the nature and character of the transaction including the adequacy of the price, and all of the other surrounding facts and circumstances.

**Sources & Authority**
2-39 Virginia Model Jury Instructions - Civil Instruction No. 39.080

**Case Authority**
*Grubb v. Grubb,* 272 Va. 45, 53, 630 S.E.2d 746, 751 (2006)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **Counter-Defendant;** ) | |
| ) | Civil Action No.  1:09-cv-1355 |
| **v.** ) | **CMH/TCB** |
| ) | |
| **AIRTRONIC USA, INC.** ) | |
| ) | |
| **Defendant,** ) | |
| **Counter-Plaintiff.** ) | |

**PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 47**

**Duty to Take Prompt Action**

If a party discovers he has been defrauded, he has a duty to take reasonably prompt action to repudiate the contract.

If you find that Airtronic discovered it had been defrauded and filed to take reasonably prompt action to repudiate the contract, then your verdict should be for Trident on the claims of Airtronic for fraud and for constructive fraud.

**Sources & Authority**
2-39 Virginia Model Jury Instructions - Civil Instruction No. 39.045

**Case Authority**
*Link Assocs. v. Jefferson Standard Life Ins. Co.,* 223 Va. 479, 484-85, 291 S.E.2d 212, 215 (1982)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRIDENT ENTERPRISES, LTD., et al, ) | |
| ) | |
| Plaintiff, ) | |
| Counter-Defendant; ) | |
| ) | Civil Action No.  1:09-cv-1355 |
| v. ) | CMH/TCB |
| ) | |
| AIRTRONIC USA, INC. ) | |
| ) | |
| Defendant, ) | |
| Counter-Plaintiff. ) | |

PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 48

**Duty to Investigate**

A person to whom a misrepresentation was made has no duty to investigate unless he had or obtained information about the representation which would cause a reasonably prudent person to investigate.

If a person has a duty to investigate a representation and fails to investigate to the extent that a reasonably prudent person would, then he is bound by all knowledge that such an investigation of that representation would have disclosed.

**Sources & Authority**
2-39 Virginia Model Jury Instructions - Civil Instruction No. 39.050

**Case Authority**
*Bergmueller v. Minnick,* 238 Va. 332, 338, 383 S.E.2d 722, 725 (1989)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| Counter-Defendant; | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| v. | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| Defendant, | ) | |
| Counter-Plaintiff. | ) | |

PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
PIERCING THE CORPORATE VEIL
JURY INSTRUCTION NO. 49

Under Virginia law a corporation is a legal entity separate and distinct from its shareholders.  A fundamental purpose of incorporation is to enable a group of persons to limit their liability to the extent of their contributions to the capital stock of the corporation under Virginia law.  In a contract case, such as this, the party seeking relief, here Airtronic, is presumed to have knowingly and voluntarily entered into an agreement with a corporate entity, here Airtronic, and is expected to suffer the consequences of the limited liability associated with the corporate business forms.

This veil of immunity will only be lifted in extraordinary circumstances.  In order to find the immunity of the corporation should be lifted and the individual officers and shareholders of trident should be held responsible for any verdict against Trident you the jury must find that Airtronic proved the following by a preponderance of the evidence.

(1) Trident was the alter ego, alias stooge, or dummy of Samuel Hillenburg, Brian Fauci and/or Monty Mendenhall.

(2)  The shareholders sought to be held personally liable have controlled or used the corporation to evade a personal obligation, to perpetrate a fraud or a crime, to commit an injustice or to gain an unfair advantage.

(3) The unity of interest and ownership is such that the separate personalities of the corporation and the individuals no longer exist and to adhere to that separateness would work an injustice.

(4)  Trident misrepresented its financial condition to Airtronic prior to entering into the contract on June 21, 2007.

(5)  The basis for disregarding the corporation entity of Trident is the proximate cause of the loss of Airtronic.


**Sources & Authority**


**Case Authority**

*Dana v 313 Freemason*, 266 Va. 491 (2003).

*Perpetual Real Estate Services v. Michaelson Properties*, 974 F.2d 545 (4th Cir. 1992).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

**PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 50**

**Separate Claims Out of Same Wrongful Act**

A party may join as many claims as he has against the opposing party.

You will consider these different claims for damages separate, according to the instruction of the Court, and if your verdict is for the Plaintiff for any of its claims, you will report a separate amount for each claim in your verdict.  Likewise, if your verdict is for the Defendant on one more of its claims, you will report a separate amount for each claim in your verdict.

**Sources & Authority**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| Counter-Defendant; | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| v. | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| Defendant, | ) | |
| Counter-Plaintiff. | ) | |

PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 51

## 3.1  General Instructions for Use at End of Trial -- Deliberations

**Model**

When you retire to the jury room to deliberate, you may take with you these instructions and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and

impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone [like Blackberries or iPhones], or computer of any kind; the internet, any internet service, or any text or instant messaging service [like Twitter]; or any internet chat room, blog, website, or social networking service [such as Facebook, MySpace, LinkedIn, or YouTube], to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

**Sources & Authority**
S1-3 Modern Federal Jury Instructions - Civil 3.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No.  1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 52

**3.02  Judge's Opinion**

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict[s] should be.

**Sources & Authority**
Diamond-8 Modern Federal Jury Instructions-Civil 3.02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **TRIDENT ENTERPRISES, LTD., et al,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **Counter-Defendant;** | ) | |
| | ) | **Civil Action No. 1:09-cv-1355** |
| **v.** | ) | **CMH/TCB** |
| | ) | |
| **AIRTRONIC USA, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| **Counter-Plaintiff.** | ) | |

**PLAINTIFF AND COUNTER-DEFENDANTS' REQUESTED
JURY INSTRUCTION NO. 53**

**3.06  Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary;
Unanimous Verdict; Verdict Form**

In conducting your deliberations and returning your verdict, there are certain rules you
must follow.

*First*, when you go to the jury room, you must select one of your members as your
foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.
You should try to reach agreement if you can do so without violence to individual judgment,
because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have
considered all the evince, discussed it fully with your fellow jurors and listened to the views of
your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.
But do not come to a decision simply because other jurors think it is right, or simply to reach a
verdict.  Remember at all times that you are not partisans.  You are judges -- judges of the facts.
Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a
note to me through the marshal or bailiff, signed by one or more jurors.  I will respond as son as
possible either in writing or orally in open court.  Remember that you should not tell anyone --
including me -- how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads (read form)]. You will take this form the jury room, and when each of you have agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

**Sources & Authority**
Diamond - 8 Modern Federal Jury Instructions - Civil 3.06